[No. 8086.  Department Two.  August 2, 1909.]

# S. P. MAYNARD et al., Appellants, v. JEFFERSON COUNTY, Respondent.[1]

COUNTIES—ACTIONS—CONDITIONS PRECEDENT—REJECTION OF CLAIM —RECORD OF REJECTION—LIMITATION OF ACTIONS. A claim against a county made by C. as attorney for S. P. M. and his wife H. M., for injuries sustained by the wife, filed on a certain date, is sufficiently identified and shown to have been rejected by a record of the county commissioners reciting the filing of a claim on said date by C. as attorney for H. M., referring to the place of the accident and amount of the claim, and stating "claim was rejected"; and an action thereon is barred within three months, under Bal. Code, § 359, although the claim was a community property claim, action upon which would have to be brought by the husband.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered October 29, 1908, by direction of the court, after a trial before a jury, dismissing an action for personal injuries sustained by a traveler on a county road. Affirmed.

*A. R. Coleman*, for appellants.

*James W. B. Scott, J. M. Ralston*, and *U. D. Gnagey*, for respondent.

PARKER, J.—This action was brought to recover damages on account of personal injuries resulting to the plaintiff Henrietta Maynard, alleged to have been caused by the negligence of the defendant in maintaining a defective bridge upon one of its county roads. The cause proceeded to trial before the court and a jury, when, after the plaintiffs had introduced all of their evidence relating to the presentation of their claim to and rejection thereof by the county commissioners, upon motion of defendant's attorneys, the trial court entered its order and judgment dismissing the action upon the ground that the evidence offered by plaintiffs affirmatively showed

[1]Reported in 103 Pac. 418.

that they had not commenced their action within three months
after the rejection of their claim by the county commissioners,
as provided by law. From this order and judgment of dis-
missal, the plaintiffs have appealed to this court. The un-
disputed facts appearing from this record, in so far as they
are necessary to be noticed in determining the correctness of
the trial court's disposition of the cause, are as follows:

On October 7, 1907, the appellants, jointly as husband and
wife, presented to the county commissioners of Jefferson
county their claim for damages, which was signed by A. R.
Coleman, their attorney, and verified by the appellant Hen-
rietta Maynard, which claim set forth the nature and extent
of the injuries, and the cause thereof, together with their
claim for damages, substantially as in their complaint filed
in this action. On the same day the commissioners considered
the claim and caused a record of their action thereon to be
made in their minutes, in words and figures as follows:

"A. R. Coleman presented a claim to the board as attorney
for Mrs. Henrietta Maynard for damages for injuries re-
ceived on account of alleged defective county bridge on Dis-
covery bay in section 5, township 29 north of range 1 west,
in the sum of $10,000. Claim was rejected."

Neither the claimants nor their attorney were present when
this action was taken by the commissioners. The following
day one of the commissioners informed Mr. Coleman, the
claimant's attorney, that the board had rejected the claim.
Mr. Coleman did not see the record of the action of the com-
missioners until several days thereafter when he examined it
in the auditor's office. No further action looking to the
bringing of a suit upon the claim against the county was
taken until more than three months thereafter, when Mr.
Coleman spoke to the chairman of the board of county com-
missioners, and also to the county attorney, requesting that
some action should be taken which would dispose of the claim.
Similar requests were made upon other subsequent occasions,
when finally, on the 7th day of July, 1908, the following

record was made by the county commissioners relative to the claim:

"S. P. Maynard and Henrietta Maynard by their attorney, A. R. Coleman, again appeared on behalf of a claim for damages alleged to have been sustained by Henrietta Maynard on or about the 13th day of July, 1907, at or near a county bridge on Discovery bay in section 5, township 29 north of range 1 west, which claim was filed with the county auditor of Jefferson county October 7th, 1907, and asked that action be taken by the board with reference to same. The board, by its chairman, informed Mr. Coleman that the identical claim had been before presented to the board, and was by the board rejected on the 7th day of October, 1907."

A few days thereafter, on July 13, 1908, over nine months after the first action of the commissioners upon the claim had been taken, this suit was commenced. Section 359 of Bal. Code (P. C. § 4113), relating to appeals from boards of county commissioners to the superior court, among other things, provides:

"Nothing herein contained shall be so construed as to prevent a party having a claim against any county in this state from enforcing the collection thereof by civil action in any court of competent jurisdiction, after the same may have been presented and disallowed in whole or in part by the board of county commissioners of the proper county: Provided, That such action be brought within three months after such claim has been acted upon by such board."

It is conceded by learned counsel for appellants that, under the plain provisions of this statute, if the claim of appellants was acted upon, and a proper record of such action made by the board of county commissioners more than three months prior to the commencement of this action, the judgment of the superior court was right. Upon the other hand, if the action of the board was had less than three months before the commencement of this action the judgment of the superior court was wrong. The question then is presented as to whether or not the action of the board on October 7, 1907,

was such a rejection of the claim as would start running the three months' limitation for commencing action thereon. It is earnestly contended by counsel that since the record of the commissioners made October 7, 1907, refers only to a claim presented by A. R. Coleman as attorney for Henrietta Maynard, their action at that time was not a rejection of the claim of S. P. Maynard and Henrietta Maynard which was sued upon in this action, and that the claim sued upon was in no event rejected by the board of county commissioners prior to July 7, 1908, which was only a few days prior to the commencement of this action. And thus it is argued that this action was commenced within the time limited by law.

For the purpose of showing that a claim of this nature is a claim of the community and not of the injured wife, counsel call our attention to *Hawkins v. Front Street Cable R. Co.*, 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808; *Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784. It is true that under our laws such a claim as is here involved is a claim of the community, and that suit thereon must be brought in the name of the husband and that the wife is not a necessary party to such action, though she is a proper party. But when such a claim is acted upon by the commissioners and record thereof is made in their minutes, we do not think that such record should be subjected to technical rules of construction in determining its meaning. If the record, taken in connection with the matter which was actually before the commissioners, plainly indicates as to what claim their action refers, it will be held sufficient in law, even though the language of the record might lack that technical exactness required in court proceedings. As was said by this court in *State ex rel. Ross v. Headlee*, 22 Wash. 126, 66 Pac. 126:

"It is a matter of common knowledge that the members of boards of county commissioners are not, as a rule, technical lawyers, and of necessity their acts are more or less informal, and cannot be expected to meet the requirements of technical exactness which characterizes the actions of superior courts;

and the proper administration of the law intrusted to their care demands a liberal construction of their acts, to the end that substantial justice shall be attained."

To the same effect is *North Yakima v. Scudder*, 41 Wash. 15, 82 Pac. 1022. It seems to us that in this case the record of the commissioners showing their action of October 7, 1907, plainly indicates they intended to, and actually did, reject this claim on that day. We think the record identifies the claim in such manner as to render it certain that the claim here sued upon is the one which was then rejected. The recorded action of the commissioners shows that the claim they rejected was one presented on the same day, was one presented by A. R. Coleman as attorney for Henrietta Maynard, was one for injuries on account of alleged defective county bridge at a stated location, and was one for $10,000, all of which agrees with the claim sued upon in this action, except for the mere omission of the husband's name from the record of rejection. The record does not in so many words say it was a claim for injuries to Henrietta Maynard, but such is its fair inference. We are of the opinion that the claim sued upon in this action is the same claim presented to and rejected by the county commissioners on October 7, 1907, and since more than three months expired thereafter before the commencement of this action, appellants' right to sue upon such claim became barred by the plain provisions of § 359 of Bal. Code above quoted.

The order and judgment of the superior court taking the cause from the jury and dismissing the action upon the ground that plaintiffs' rights were barred was not erroneous, but a correct disposition of the cause. This renders it unnecessary for us to discuss other assigned errors which would not change our conclusion, whether resolved favorably to or against appellants. We conclude that the judgment of the superior court must be affirmed, and it is so ordered.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.