### O'REILLY v. DAVIS.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

MUNICIPAL CORPORATIONS (§ 705*)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

Plaintiff was walking on a street car track, and, hearing a car in front of him, stepped off the track into the road with which he was familiar, and which was much traveled by vehicles. He testified that as' he was stepping off the rail he looked back and did not see anything, and then stepped off and walked 4 or 5 feet, when he was hit by defendant's automobile, and that he was able to see back of him 200 feet. *Held*, that the physical impossibility of the automobile going 200 feet while plaintiff was walking 5 feet showed that he did not use due care in looking back.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Westchester County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Edward J. O'Reilly against Fred J. Davis. From a judgment for plaintiff, and an order denying motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

E. Clyde Sherwood, for appellant.

THOMAS, J. The plaintiff, with a companion, was walking toward the west on a trolley track, and hearing, but not seeing, a car coming in front of him, stepped to the right into a familiar road, frequented by vehicles, and was struck by the defendant's automobile. His statement is:

"Just as I was stepping off the rail I looked back to see if anything was coming along there, and didn't see a thing, and then I stepped off and walked 4 or 5 feet and I was hit by something. That is perfectly and absolutely correct. * * * From the place where I was hit up to the top of that hill at Bachman's Hotel, I could see right up there. There was nothing to obstruct my view. * * * The crown of that hill toward Bachman's from where I was hit is, I judge, 200 feet. I could see an automobile when it got on top of that hill."

So, able to see 200 feet, and looking, the plaintiff walked 5 feet, and was hit; that is, while he was walking 5 feet, the automobile came 200 feet. Hence the automobile was going forty times as fast as the man, and, assuming that the man was walking 3 miles an hour, the automobile was going 120 miles an hour. This impossibility shows that the man did not look with the care demanded by the law.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.