[No. 15172.    *En Banc.*    July 29, 1919.]

ROBERT OSTHELLER, *Administrator etc., Respondent,* v.
SPOKANE & INLAND EMPIRE RAILROAD COMPANY,
*Appellant.*[1]

DEATH (9)—RIGHT OF ACTION—DEFENSES—CONTRIBUTORY NEGLI-
GENCE OF DECEASED. Rem. Code, § 183, giving to heirs a right of action
for the death of a person caused by the "wrongful act or neglect"
of another, refers to wrong or neglect as against the deceased; hence
no recovery is given where the deceased was guilty of contributory
negligence.

HUSBAND AND WIFE (86, 87)—COMMUNITY PROPERTY—RIGHT OF
ACTION—PERSONAL INJURIES—DEFENSES. The community of husband
and wife being a legal entity in which title to property acquired is
vested, the right of recovery for personal injuries is in the com-
munity alone and the contributory negligence of the husband is the
negligence of the community.

DEATH (9)—RIGHT OF ACTION—DEFENSES—CONTRIBUTORY NEGLI-
GENCE OF DECEASED. In an action for wrongful death, the contribu-
tory negligence of the husband, resulting in the instantaneous death
of both husband and wife, is the contributory negligence of the
community and hence precludes recovery by the heirs for wrongful
death of the wife as well as the husband.

TOLMAN, J., dissents.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered May 14, 1918, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for wrongful death.    Reversed.

*Graves, Kizer & Graves,* for appellant.
*Tustin & Chandler,* for respondent.

PARKER, J.—This is an action to recover damages for
the death of Ferdinand and Minnie Ostheller, husband
and wife, alleged to have been caused by the wrongful
act, to wit, the negligence, of the defendant railroad
company.    While the death of Mr. and Mrs. Ostheller
occurred at the same time as the result of a single

[1]Reported in 182 Pac. 630.

alleged wrongful act of the company, and recovery
therefor was sought in the superior court in this one
action, such recovery was sought in two causes of
action separately pleaded in one complaint, the allega-
tions of which separate causes of action were in sub-
stance the same, except as to the person whose death
was so occasioned, damages being claimed by the ad-
ministrator in behalf of the heirs of the deceased, in
the first cause of action, for the death of Mr. Ostheller,
and in the second cause of action, for the death of Mrs.
Ostheller. A single trial of both causes of action upon
the merits in the superior court for Spokane county
sitting with a jury, resulted in a verdict in favor of the
company, denying recovery for the death of Mr.
Ostheller, and a verdict in favor of the administrator,
awarding recovery for the death of Mrs. Ostheller.
Judgment was rendered accordingly. The railroad
company has appealed from that portion of the judg-
ment awarding recovery for the death of Mrs. Osthel-
ler.

Our problem, as we view it, calls for but a brief sum-
mary of the controlling facts. The Osthellers, for
about four years immediately preceding their decease,
lived in the southern part of Spokane county, some
twenty miles south of the company's electric railway
line, which runs east from the city of Spokane. At the
time of their decease, they were returning to their
home in their automobile, having been on a trip to the
northern part of the county merely to see the country,
and incidentally to purchase and take home in their
automobile some vegetables, as opportunity therefor
might offer. As they approached the crossing of the
company's tracks at the little station of Flora, Mr.
Ostheller driving the automobile, one of appellant's
trains also approached the crossing from the east at a
high rate of speed. As they came upon the crossing,

their automobile was struck by the appellant's fast moving train, resulting in the practical destruction of their automobile, and also the death of both of them; all of which occurred as nearly instantaneously as effect could follow cause under such circumstances. Appellant denied negligence upon its part, and also set up the defense of contributory negligence on the part of Mr. and Mrs. Ostheller in the driving of their automobile upon the crossing without heeding the approach of the train, which the company asserted was in plain view of them in ample time for them to stop their automobile and avoid being injured. We shall assume for present purposes that the evidence was such as to call for the submission of the question of contributory negligence to the jury, though it is strenuously argued in behalf of the company that it should have been decided, as a matter of law, that the defense of contributory negligence was sufficiently proven to warrant the taking of the case from the jury and deciding it in favor of the company. Both defenses were submitted to the jury by the trial court by its instructions. The verdict of the jury, denying recovery for the death of Mr. Ostheller and awarding recovery for the death of Mrs. Ostheller, renders it plain that the jury found that, while the company was negligent, Mr. Ostheller's contributory negligence was such as to prevent recovery for his death, but that his contributory negligence was not such as to prevent recovery for Mrs. Ostheller's death, and that she, individually, was not guilty of contributory negligence.

This action was commenced and prosecuted by the administrator of the estate of Mr. and Mrs. Ostheller, in behalf of their children, under Rem. Code, § 183, which, insofar as we need here notice its language, reads as follows:

"When the death of a person is caused by the wrong-ful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death."

It is here contended by counsel for the company that the contributory negligence of Mr. Ostheller, established by the verdict, preventing recovery for his death, prevents recovery for the death of Mrs. Ostheller; and that the trial court erred in declining to so decide, as a matter of law, in denying the motion, timely made in behalf of the company, for judgment notwithstanding the verdict awarding recovery for the death of Mrs. Ostheller.

We regard it as well settled law that, while this is not a statute providing for the survival of a cause of action possessed by the deceased for recovery for injuries resulting in his death, but is a statute giving to the heirs a new right of action not recognized by the common law, it nevertheless gives a right of action to the heirs of the deceased which is dependent upon the right the deceased would have to recover for such injuries up to the instant of his death. In other words, dependent upon the right of the injured person to maintain an action for the damage resulting from his injury, had he survived. And this, we think, is the law governing the rights of the heirs, whether the statute expressly so provides or not. It appears that the original Lord Campbell Act did so provide in express terms, as does several of the state statutes of this country; while our statute, above quoted, those of the several states, and the Federal employers' liability act, do not so provide in express terms. The words "wrong-ful act or neglect," used in statutes of this nature in defining the quality of the act causing the injury and death, it seems to be universally agreed by the courts, mean wrong or neglect as against the deceased; that is,

in the sense that the deceased could have recovered damages for the injury resulting in his death. In Tiffany, Death by Wrongful Act (2d ed.), § 63, that learned author states the rule as follows:

"An essential limitation upon the words 'wrongful act, neglect, or default' is created by the provision that they must be such as would have entitled the party injured to maintain an action therefor. This provision makes it a condition to the maintenance of the statutory action that an action might have been maintained by the party injured for the bodily injury. The condition has reference, of course, not to the loss or injury sustained by him, but to the circumstances under which the bodily injury arose, and to the nature of the wrongful act, neglect, or default; and, although this condition has not been expressed in California, Idaho, Kentucky, and Utah, no case has been found in which it has not been implied.

"A preliminary question arises, therefore, in every action for death, namely, was the act, neglect, or default complained of such that if it had simply caused bodily injury, without causing death, the party injured might have maintained an action?"

In *Northern Pac. R. Co. v. Adams*, 192 U. S. 440, the supreme court of the United States had under consideration the statute of Idaho, in substance the same as ours above quoted, in so far as our present inquiry goes, which statute, like ours, contained no express provision making the right of the heirs dependent upon the right of the deceased to recover for the injury resulting in his death, had he survived. Justice Brewer, speaking for the court, following some preliminary observations, said:

"The two terms, therefore, wrongful act and neglect, imply alike the omission of some duty, and that duty must, as stated, be a duty owing to the decedent. It cannot be that, if the death was caused by a rightful act, or an unintentional act with no omission of duty owing to the decedent, it can be considered wrongful

or negligent at the suit of the heirs of the decedent. They claim under him, and they can recover only in case he could have recovered damages had he not been killed, but only injured.  The company is not under two different measures of obligation—one to the passenger and another to his heirs.  If it discharges its full obligation to the passenger his heirs have no right to compel it to pay damages.''

In *Michigan Cent. R. Co. v. Vreeland,* 227 U. S. 59, Ann. Cas. 1914C 176, the supreme court of the United States had under consideration the provision of the Federal employers' liability act of 1908, which provision is, in substance, a death by wrongful act statute of the same import as our statute, there being no express provision in that act making the right of recovery dependent upon a right of action in the deceased for the injuries resulting in his death.  Justice Lurton, speaking for the court, after some preliminary observations recognizing that, by the act, a new right of action was created not sanctioned by the common law, and that it was not a statute providing for the survival of a right of action possessed by the deceased, among other things, said:

''But as the foundation of the right of action is the original wrongful injury to the decedent, it has been generally held that the new action is a right dependent upon the existence of a right in the decedent immediately before his death to have maintained an action for his wrongful injury.''

See, also, 8 R. C. L. 745; and 17 C. J. 1184, 1200, and cases there cited.

The decision of this court in *Brodie v. Washington Water Power Co.,* 92 Wash. 574, 159 Pac. 791, holding that a settlement and release of damages for personal injuries by the injured person bars an action by his heirs under this statute, following his death resulting from the injury, supports this view of the law.  The

conclusion reached in that case must manifestly rest
upon the theory that statutes of this nature give a
right of action to the personal representatives of the
deceased only when the deceased might have success-
fully maintained an action to recover damages for the
injury resulting in his death, and that all defenses
available to the defendant, if the action had been
brought by the person injured, prior to his death, are
available to the defendant in an action brought by his
personal representatives to recover damages for his
death.   8 R. C. L. 778.   Manifestly the defense of con-
tributory negligence is as available to the defendant as
the defense of settlement and satisfaction by the de-
ceased before his death.   Both equally take away the
right of the deceased to successfully maintain an action
for his injuries.  *King v. Henkie,* 80 Ala. 505, 60 Am.
Rep. 119.

Our problem then is, was the contributory negligence
of Mr. Ostheller, in law, the contributory negligence
of the legal entity that was, in a legal sense, originally
damaged by the injuries which resulted in the death of
Mr. and Mrs. Ostheller?   If that legal entity was the
community consisting of Mr. and Mrs. Ostheller, and
not Mrs. Ostheller as an individual, it would seem to
follow, as we shall presently notice, that his contribu-
tory negligence was, in law, its contributory negli-
gence, such as would prevent recovery by it had it
sought recovery before its dissolution; and, in turn,
would prevent recovery by the administrator.   If Mrs.
Ostheller was, in a legal sense, individually damaged
by the injuries which resulted in her death, that is,
damaged in the sense that she could, in her separate
right, have maintained an action to recover damages
for such injuries prior to her death, it would seem to
follow that Mr. Ostheller's contributory negligence

would not be imputed to her, as a matter of law, merely because of their domestic relationship.

The community of husband and wife is, under our laws, a legal entity in which the individuality of both spouses is merged, in so far as ownership of property acquired by either after marriage is concerned, subject to certain exceptions of no moment in our present inquiry; and the title to property so acquired vests in such legal entity. Rem. Code, §§ 5915-5917; *Holyoke v. Jackson,* 3 Wash. Terr. 235, 3 Pac. 841; *Brotton v. Langert,* 1 Wash. 73, 23 Pac. 688. The husband has the management and control of the community personal property, even to the extent of the power of disposition thereof as he has of his separate personal property, except he cannot devise by will more than one-half thereof. Rem. Code, § 5917. This control goes to the extent that the wife cannot even sue, except by joining her husband as plaintiff, to recover damages for personal injuries suffered by her alone; and even then she is not a necessary party plaintiff, because of the husband's management and control of the community personal property and the fact that such right of recovery is in the community alone. *Hawkins v. Front Street Cable R. Co.,* 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808; *Davis v. Seattle,* 37 Wash. 223, 79 Pac. 784; *Matthews v. Spokane,* 50 Wash. 107, 96 Pac. 827; *Maynard v. Jefferson County,* 54 Wash. 351, 103 Pac. 418; *Schneider v. Biberger,* 76 Wash. 504, 136 Pac. 701.

These considerations, we think, compel the conclusion that the right of the administrator to recover in this action for the death of Mrs. Ostheller depends upon the existence of a right of recovery in the community consisting of Mr. and Mrs. Ostheller for the injuries received by Mrs. Ostheller, following the injury up to the time the community was dissolved by

death. Now if recovery for the injuries resulting in Mrs. Ostheller's death had been sought in an action before the community's dissolution, manifestly such recovery could not have been sued for by Mrs. Ostheller in her individual capacity. Such recovery would necessarily have been sought in an action in which Mr. Ostheller would have been plaintiff, in behalf of the community, or in which, even if both had been named as plaintiffs, the action would have been in behalf of the community. It would not then have been a question of Mr. Ostheller's contributory negligence being the contributory negligence of Mrs. Ostheller individually, but it would have been a question of his contributory negligence being the contributory negligence of the community; and his contributory negligence being established in such case, as it was in this, we are unable to see how the conclusion could be avoided that the community's recovery would have been thereby defeated. Had Mr. Ostheller, by his negligent driving of the community automobile upon this family pleasure trip, injured some third person, it could not be successfully contended that the liability in damages therefor would not have rested upon the community, since manifestly he was driving the automobile for the community. It seems to us equally clear that, if the community had survived and was here seeking recovery for the damages which in law it suffered by the injuries received by Mr. and Mrs. Ostheller, his contributory negligence would have prevented recovery by the community. Just as his negligence in the one case would be the negligence of the community, so would his contributory negligence in the other be the contributory negligence of the community. *Crevelli v. Chicago, Milwaukee & St. Paul R. Co.*, 98 Wash. 42, 167 Pac. 66, L. R. A. 1918A 206; *McFadden v. Santa Ana, O. & T. St. R. Co.*, 87 Cal 464, 25 Pac. 681, 11 L. R. A. 252.

We have not lost sight of the fact that Mr. and Mrs. Ostheller died as the result of the same catastrophe, and that their death followed their injuries then received as quickly as death could follow injury; in other words, as quickly as effect could follow cause, under such circumstances. But we think there is no escape from the conclusion that both were injured at the same time, and that both thereafter died from the effect of such injuries. There was necessarily some space of time between the receiving of the injuries and the death of either of them; that is, between the time of the receiving of the injuries and the dissolution of the community. During that period, however brief, the company became liable in damages to the community for such injuries as it may have negligently caused, or it never became liable to any one for the result of the collision of its train with Mr. and Mrs. Ostheller's automobile. This is the right of action against the company which must first be shown to exist before it can be said there accrued any right of action in favor of the administrator because of the death of Mr. and Mrs. Ostheller. It is the preliminary question which arises in every case wherein recovery is sought under statutes of this nature, as expressed in the above quoted language from Tiffany, Death by Wrongful Act.

There are decisions of the courts holding that, in actions under statutes of this nature, where the recovery is sought for the death of the wife, the contributory negligence of the husband causing the original injury will not defeat recovery by her representatives for her death. But we think it will be found that those decisions are from jurisdictions where the injured wife has the right to recover damages for injury to her person in her separate right, under statutes which do not result in the merging of her individuality, so far as her

marital property rights are concerned, in the husband as at common law, or in the community as under our law. Under the law of these jurisdictions, the wife's personal separate right of action comes into existence immediately upon her being injured. Hence there is furnished the condition upon which a right of action by her representatives for her death can rest. We see no escape from the conclusion that the contributory negligence of Mr. Ostheller, established and found by the jury in this case, must be held to defeat the right of recovery by the administrator for Mrs. Ostheller's death, under this statute.

The judgment is reversed, and the action dismissed.

HOLCOMB, C. J., FULLERTON, MACKINTOSH, MAIN, and MOUNT, JJ., concur.

TOLMAN, J., dissents.