[No. 15471.  Department One.  December 16, 1919.]

FRED H. HEATH, *as Administrator etc., Appellant,* v.
H. D. WYLIE *et al., Respondents.*[1]

STREET RAILROADS (20)—COLLISION AT CROSSING — CONTRIBUTORY
NEGLIGENCE OF AUTOMOBILE DRIVER.  The driver of an automobile
struck by a street car at a street intersection, was guilty of con-
tributory negligence, as a matter of law, when it can be demon-
strated that, had he looked with due care after his view was unob-
structed as he testified he did without seeing any car, he would
have seen the approaching car in time to have easily avoided the
collision.

SAME (23) — COLLISION AT CROSSING — PROXIMATE CAUSE — LAST
CLEAR CHANCE.  The doctrine of last clear chance does not apply
where a collision between a street car and an automobile at a street
intersection was caused by the contributory negligence of the driver
of the automobile, and there was nothing to reasonably indicate to
the motorman any purpose or lack of ability to handle the automo-
bile with due care until after it was too late to avoid the collision.

DEATH (9)—RIGHT OF ACTION—DEFENSES—CONTRIBUTORY NEGLI-
GENCE.  In an action for wrongful death, the contributory negligence
of the husband, resulting in the death of the wife, is the contrib-
utory negligence of the community and hence precludes recovery
for wrongful death of the wife.

Appeal from a judgment of the superior court for
King county, Frater, J., entered April 21, 1919,
upon granting a nonsuit, dismissing an action in tort.
Affirmed.

*Milo J. Loveless,* for appellant.

*James B. Howe* and *A. J. Falknor,* for respondents.

MITCHELL, J.—This is an action by Fred H. Heath,
as administrator of the estate of Agnes Winifred
Heath, deceased, to recover damages sustained by
himself, the surviving husband, and Frank Harvey
Heath, the surviving minor son, because of the death

[1]Reported in 186 Pac. 313.

of Mrs. Heath. It arose out of a collision between an automobile driven by Mr. Heath and a street car in charge of Wylie, as motorman, belonging to the Puget Sound Traction, Light & Power Company, at a street crossing in Seattle. There were charges of negligence and a counter charge of contributory negligence. At the close of plaintiff's case, in a trial to a jury, a judgment of nonsuit was granted, from which the appeal is prosecuted.

On July 15, 1918, at 6:10 p. m., Mr. Heath, sitting on the left-hand side, on the front seat, his wife and son on the rear seat, was driving his automobile, top down, eastward on East 47th street, which crosses at right angles 14th avenue northeast, upon which was operated a double-track railway, the west track for street cars going south. The collision occurred with a street car coming from Mr. Heath's left, that is, traveling south on the west track. It resulted in the death of Mrs. Heath. Mr. Heath had lived in the vicinity some time and was familiar with the scene. The streets were paved and the weather was fair. There was no other traffic near by to disturb. Immediately at the northwest corner of the two streets there was located what is called the Wilson building, immediately east of which was a paved sidewalk nine feet wide to the curb, thence street, thirteen and one-half feet to the nearer rail of the west car track. On the curb, running to the north, there was a string of ordinary telephone poles. North of the street intersections, 14th avenue is straight and practically level for more than seven hundred feet. The next street crossing 14th avenue northeast to the north is East 50th street, which is about six hundred and thirty or six hundred and thirty-five feet north of the north side of East 47th street. Mr. Heath estimated the

speed of the street car at thirty-five miles, while other of his witnesses placed it as high as forty miles. Concerning the speed of his automobile, he said it was not going over five miles an hour, although he admitted that, in a report to the police department, and in his testimony at the inquest, he had stated he was going at a greater speed. At one time he testified that, when he got far enough along into 14th Avenue Northeast and by the corner of the Wilson building, he could, and did, see, notwithstanding the telephone poles, two hundred and fifty to three hundred feet northward on that avenue; and, at another time, he testified that, from that point, he could see northward one-half the distance of six hundred and thirty or six hundred and thirty-five feet to East 50th street. At one time he testified that, after the look to the north, he then looked to the south towards a street car approaching from that direction several blocks away, then looked in front, and never saw the street car coming from the north until it was within forty or fifty feet of him. At another time, by question and answer, he testified as follows:

"Q. From the time that you got by so that you could look by Mrs. Wilson's building until you got on to the track immediately in front of the street car, you didn't look to the north to see if a street car was coming, did you? A. I looked until I was almost on the track."

He also said:

"When I realized the car was coming and I was directly in front of it, and saw it, the street car was about the length of one street car, or between forty and fifty feet away from me."

He further testified that, from the corner of the Wilson building, where he looked to the north for a street car, until the automobile got on the track where

he first saw the street car, his automobile went eighteen or nineteen feet. This statement is corroborated by other testimony of his and the location of the street car track. Wherever there is any difference in the opinions, estimates and testimony of the witnesses, those given by Mr. Heath himself are the most favorable to him, except as to the speed of the street car, which one of his witnesses placed at forty miles. As to the distance at which a street car to the north could be readily seen from the corner of the Wilson building, a photograph in evidence shows a good view for that purpose twice the distance testified to by appellant. However, the rule is that the evidence must be construed most favorably to the plaintiff, upon a motion for a nonsuit. Tested by that rule, we have a situation here in which the appellant claims he looked to a point three hundred feet distant and saw no street car, but that, from some point beyond that, a street car came at forty miles an hour and reached a point fifty feet from that at which the collision occurred, while his automobile, traveling five miles an hour, covered eighteen or nineteen feet. That is, while he traveled nineteen feet, the street car, coming eight times as fast, traveled more than two hundred and fifty feet, instead of only one hundred and fifty-two feet. It is clear he did not look with the care demanded by the law and in such way as to exempt him from the charge of contributory negligence. *Herrett v. Puget Sound Tr., L. & P. Co.*, 103 Wash. 101, 173 Pac. 1024; *O'Reilly v. Davis*, 136 App. Div. 386, 120 N. Y. Supp. 883.

Appellant invokes the doctrine of last clear chance. There is no merit in the claim. The street was unobstructed, and appellant, who could plainly see, was using a light automobile which he said could be stopped within three feet. From the evidence, there

was nothing to reasonably indicate to the motorman on the street car any purpose or lack of ability on the part of appellant inconsistent with the duty or intention of managing his light, easily handled automobile in the ordinary careful manner, until it was too late for the motorman to avoid the collision.

Lastly, appellant urges that, as administrator, he should recover for the benefit of the minor son, notwithstanding any contributory negligence of Mr. Heath.   On the authority of the case of *Ostheller v. Spokane & Inland Empire R. Co.,* 107 Wash. 678, 182 Pac. 630, this point must be resolved against the appellant.

Judgment affirmed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and PARKER, JJ., concur.