[No. 32887.   Department Two.   January 7, 1955.]

LESLIE DAVIS ANDERSON, *Respondent,* v. ROY ROHDE, *A Minor,
Through his Guardian ad Litem, Eileen Rohde,
Appellant.*[1]

[1]Reported in 278 P. (2d) 380.

*Harley W. Allen* and *Paul R. Roesch* (*John E. Kilkenny*, of counsel), for appellant.

*Tonkoff, Holst & Hopp*, for respondent.

HILL, J.—Three actions involving the collisions of three motorcycles with an automobile driven by Roy Rohde were consolidated for trial. The motorcycles had been traveling in one direction and the Rohde car in the opposite direction when they collided. The jury brought in verdicts for two of the plaintiffs (passengers on the first two motorcycles to collide with the Rohde car) but brought in a verdict for Rohde in the other case, thereby denying the plaintiff in that case, Leslie Davis Anderson, the driver of the third motorcycle to collide with the Rohde car, any recovery. The trial court entered an order granting a new trial to Anderson, and Rohde appeals.

The trial court in its order enumerated seven reasons therefor. The trial court was correct in concluding that certain instructions given were erroneous, and we are satisfied that at least two of them were prejudicially erroneous. Consequently, the order granting a new trial must be affirmed. We will therefore not concern ourselves with two of the reasons given, *i.e.*, that substantial justice was not done, and that the verdict in the Anderson case was not consistent with the verdicts in the other two cases. If there is merit in either of those reasons, the granting of a new trial is all that could be done as a corrective, and that has been done.

The other reasons involve the propriety of instructions Nos. 23, 24, 25, and 26, and the defense of assumption of risk.

█ Instruction No. 23 covered the doctrine of *volenti non fit injuria* and was taken practically verbatim from the instruction in *Ewer v. Johnson* (1954), 44 Wn. (2d) 746, 270 P. (2d) 813. While instruction No. 23 is a correct statement of the law, we agree with the trial judge that it had no application to the facts in the case at bar. We pointed out in the *Ewer* case, *supra,* and in *Walsh v. West Coast Coal Mines* (1948), 31 Wn. (2d) 396, 197 P. (2d) 233, that the doctrine of *volenti non fit injuria* is predicated upon the theory of knowledge and appreciation of the danger involved and a voluntary assent thereto; it involves the taking of a calculated risk. See, also, *Kingwell v. Hart* (1954), 45 Wn. (2d) 401, 275 P. (2d) 431.

Appellant cites and relies upon *Mitchell v. Rogers* (1950), 37 Wn. (2d) 630, 225 P. (2d) 1074. In that case, Mitchell, the plaintiff, met a truck along a straight stretch of highway, headed in the opposite direction from that Mitchell was traveling. The truck had stalled and was parked, and two or three cars had stopped behind it. The highway was clear on Mitchell's side of the road when he started to pass the truck. Rogers, who was traveling in the direction that the parked truck and the cars behind it were facing, applied his brakes as he approached them but, being unable to stop in time, pulled out from behind the stopped cars and attempted to pass between the approaching Mitchell car and the parked truck and cars, but ran into Mitchell's car. It is to be noted that Mitchell recovered no judgment against Rogers and Rogers sought no recovery against Mitchell. Rogers was not a party to the appeal. Mitchell's judgment was against Preston, the driver of the stalled truck, and against Heimbigner, its owner.

In retrospect, it must be acknowledged that our handling of the doctrine of *volenti non fit injuria* in that case has led to the mistaken conclusion that we held that a defense based upon that doctrine was there properly submitted to the jury.

That, however, is not so. After explaining the doctrine, we said (p. 647):

"In the present case, had Mitchell been aware that the Rogers car was approaching him in the wrong lane, and had nevertheless elected to continue down the highway, it might possibly be said that he had voluntarily exposed himself to an obvious danger. But, here, it must be remembered that Mitchell was driving in his own lane, and that, according to his testimony, all that he saw coming in the other direction was an automobile which was slowing down in its proper lane behind the stalled truck. There was always a possibility that another unseen automobile would come suddenly out from behind the one he saw, and strike his automobile. *But whether this possibility constituted such a clear danger that he should have acted differently than he did was, we think, clearly a question for the jury.* The court's instruction No. 13 submitted the matter to it in the following language:

" 'You are instructed that one may not cast the burden of his own protection upon another. He owes a duty to himself. The Law does not permit him to close his eyes to danger and then if he is injured as a result of such danger to seek a remedy in damages against another, or be excused from the consequences of his own acts. He must use his own intelligence and faculties for his own protection. If you find from a fair preponderance of the evidence that either of the plaintiffs failed to so exercise his faculties and intelligence and that such failure on his part contributed to the injuries suffered by him, if any, then your verdict must be for the defendant so far as that plaintiff is concerned.' " (Italics ours.)

In that statement, we pointed out that it could not be said as a matter of law that the plaintiff Mitchell had voluntarily exposed himself to an obvious danger. Using the language italicized above, we then passed to a concept of contributory negligence and said that the instruction quoted "submitted the matter [whether Mitchell should have acted differently] to it [the jury] in the following language." The "matter" submitted to the jury by the instruction quoted obviously refers not to *volenti non fit injuria* but to the sentence which immediately precedes the instruction, which suggests the possibility of contributory negligence if Mitchell had failed to do something he should have done.

The instruction quoted was not submitted and was not given as an instruction on the doctrine of *volenti non fit injuria*. It is not consistent with the knowledge and appreciation of and the voluntary assumption of danger upon which that doctrine is based. To avoid any future misunderstanding, we now state that our only holding in *Mitchell v. Rogers, supra*, with reference to *volenti non fit injuria* is that, under the facts in that case, plaintiff Mitchell did not, as a matter of law, voluntarily assume the risk of injury. In our opinion, if there was a question for the jury on that issue in that case it was based upon the fact that the highway to the left of the stalled truck and the cars behind it was wide enough for two cars to meet and pass each other. If it was not, it could not even be contended that Mitchell was confronted with an obvious danger, for if the roadway was so narrow that there was room for only one car to pass the parked vehicles and Mitchell was traveling on the right side of the road, no reasonable man would have assumed that Rogers or anyone else would head into an inescapable collision.

Factually, the distinction between that case and the present one is apparent. Anderson's motorcycle and Rohde's car were approaching each other on the highway and were about two hundred feet apart when Anderson first saw the car. Appellant urges that Anderson was traveling at seventy miles an hour, which makes an effective argument under the theory of contributory negligence but certainly weakens the argument that Anderson had an opportunity to know, appreciate, and voluntarily accept a risk. Even at the minimum speeds of both the car and Anderson's motorcycle for which there is any support in the evidence, things happened so quickly and in such rapid succession (two other motorcycles colliding with the Rohde car in the interval) that there was no time for anything except split-second decisions under the compulsion of swiftly changing circumstances, and we can see no possible justification for an instruction on the theory that Anderson had time to know, understand, and voluntarily assume a calculated risk. The instruction was prejudicially erroneous.

■ We see no error in instruction No. 24 *per se*. It is practically verbatim the instruction we have just quoted from *Mitchell v. Rogers, supra*. As we have pointed out, it is not a *volenti non fit injuria* instruction. It is an instruction which by its wording is heavily slanted in that it states somewhat argumentatively that a person must use his intelligence and faculties for his own protection. It is, however, an instruction that is frequently given in connection with instructions relating to negligence and contributory negligence. Because it is slanted and argumentative, we do not recommend it, and our tacit approval in *Mitchell v. Rogers, supra*, went to the substance and not to the form of the instruction. Had it been used here to supplement the other instructions relating to contributory negligence, giving it could not be said to have been error. But in the present case it followed the instruction on *volenti non fit injuria* just discussed, and was intended to supplement and strengthen it and should not have been given for that purpose or used at that place in the instructions.

■ Instruction No. 25 told the jury that the operators of motorcycles traveling in the same direction upon a public highway may not travel in a group or unit in which the vehicles are so close together that the operators cannot exercise the reasonable degree of care necessary to be used in connection with making emergency stops, exercising reasonable control over the motorcycles, maintaining a proper lookout, and fully complying with the rules of the road and standards of care concerning which the court had given instructions; and that if any, either, or all of the motorcycles involved in the accident were so closely grouped or were following each other in such a way as to proximately contribute to the accident and the alleged injuries resulting therefrom, such operator or operators were guilty of contributory negligence and any recovery by them would be barred.

This instruction, while a correct statement of the law, was erroneous because there was no substantial evidence that the grouping or formation in which the motorcycles

were traveling was too close or that it in any way affected the drivers' ability to stop, control the vehicles, maintain a proper lookout, or comply with any of the rules of the road or standards of care given to the jury by the court. In view of the verdict in favor of the passenger on the second motorcycle, it might be argued that the jury was not influenced by this instruction and hence it was not prejudicial. It is not necessary for us to decide whether the instruction was prejudicial so far as Anderson was concerned, but it might well have been and should not be given on a retrial unless there is additional evidence which might make it pertinent.

■ Instruction No. 26 submitted to the jury the question of whether Anderson was guilty of negligence *per se* in violating RCW 46.60.080 [*cf.* Rem. Rev. Stat., Vol. 7A, § 6360-81], which reads as follows:

"It shall be unlawful for the operator of a motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway. . . ."

We are satisfied that this is not a proper case for the application of the following-car doctrine and of the statute in question. The motorcycles did not collide with each other, nor is there any evidence that Anderson's efforts to avoid a collision with one of the preceding motorcycles occasioned his own collision with the Rohde car. We agree with the trial court that the giving of this instruction was erroneous and prejudicial.

■ We also agree with the trial court's conclusion that the defense of assumption of risk should not have been submitted to the jury. An admirable explanation of the intimate connection of the defenses of assumption of risk, *volenti non fit injuria,* and contributory negligence, and of the distinction between them, is found in Judge Steinert's opinion in *Walsh v. West Coast Coal Mines, supra.* As is there pointed out, the employer-employee relationship or a contractual relationship as the basis for assumption of risk has been frequently disregarded, and courts generally use assumption of risk and *volenti non fit injuria* as referring to

the same thing where knowledge by an injured party of an obvious danger is involved. The reasons given in connection with our discussion of instruction No. 23 indicate that there was no evidence to justify the submission of a defense based upon knowledge and appreciation of the danger involved and voluntary assent thereto, whether designated as assumption of risk or *volenti non fit injuria.*

The order granting a new trial is affirmed.

GRADY, C. J., and WEAVER, J., concur.

SCHWELLENBACH, J. (concurring)—I agree that the defense of assumption of risk should not have been submitted to the jury. However, I believe that, under the evidence, it was proper for the court to give instruction No. 26:

"You are instructed that the Laws of the State of Washington contain the following provision relative to one motor vehicle following another on a public highway:

" 'It shall be unlawful for the operator of any motor vehicle to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.'

"In this connection you are instructed that an operator of a motor vehicle has the right to follow another motor vehicle at a reasonable and safe distance. However, the operator of a motor vehicle must govern his speed and maintain a reasonably safe distance so as to provide for the contingency of the motor vehicle in front suddenly stopping, maintaining a proper lookout for the motor vehicle immediately preceding him, so that he can stop without a collision, or can turn out sufficiently to pass the motor vehicle in front without going across the street or highway in the way of traffic approaching from the opposite direction.

"A violation of the foregoing statutory provision is what is known in law as 'negligence per se'; that is, the breach or violation of the statute itself is negligence. If such violation proximately contributes to such accident or damage, such person cannot recover."

I do not believe that the statute was enacted for the sole purpose of preventing a collision with any vehicle or vehicles ahead of the offending vehicle. The question is, did

the driver, under all of the circumstances confronting him, operate his vehicle in a careful and prudent manner.

DONWORTH, J., concurs with SCHWELLENBACH, J.

