[No. 36018. Department Two. April 5, 1962.]

CHARLES R. RAFFENSPERGER *et al., Respondents*, v. ALBERT B. TOWNE *et al., Appellants.**

* Reported in 370 P. (2d) 593.

*Cartano, Botzer & Chapman, John D. Cartano,* and *Douglas J. Smith,* for appellants.

*Williams & Novack,* for respondents.

HUNTER, J.—This appeal results from a judgment in favor of the plaintiffs in a personal injury action tried to the court without a jury. Although the spouses of the persons involved in the accident were joined as parties, for convenience, we will refer to Mrs. Raffensperger and Mr. Towne as the sole plaintiff and defendant.

The plaintiff (respondent) Mrs. Raffensperger was a passanger in a car driven by her husband, on January 8, 1960, in the city of Everett. Mr. Raffensperger parked the car next to the curb where metered parallel parking spaces were provided. A car operated by the defendant (appellant) Mr. Towne was already situated in the parking space immediately to the rear of the Raffensperger car, and both Mr. Towne and Mrs. Towne were away from the area when the Raffenspergers arrived.

In parking his car, Mr. Raffensperger left a portion thereof over the painted line marking his allotted space and encroached approximately one and one-half feet into the parking space allotted to the defendant's car. Approximately 6 to 8 inches separated the cars. The Raffenspergers thereupon left. Subsequently, a car pulled into the parking space immediately to the rear of the defendant's car and also encroached upon the defendant's parking space, leaving a distance of one and one-half feet to the rear of the defendant's car.

The defendant Mr. Towne returned to his car and discovered that it was "boxed in" between the Raffensperger car and the car to its rear. Mrs. Towne returned to the car and they waited for a few minutes. The plaintiff Mrs. Raffensperger returned and the defendant requested that she move her car forward. She replied that she could not drive but that her husband would return shortly. There is evidence in the record that the defendant was extremely angry at this time. After a few minutes, while the plaintiff waited in the car for her husband, the defendant decided to attempt to maneuver out of the parking space. In the first attempt to move forward, the defendant's car bumped the Raffensperger car and, immediately thereafter, the plaintiff stepped out of the car and complained of a neck injury. The defendant did not converse with the plaintiff and when he succeeded in extricating the car from the parking space, he drove away.

The trial court, sitting as the trier of facts, found the defendant negligent and entered judgment for the plaintiff, awarding damages in the sum of $7,613. In its conclusion of law, the trial court held that the plaintiff was not contributorily negligent and that even if contributory negligence be assumed, the defendant had the last clear chance to avoid the accident.

The defendant first contends the trial court erred in finding the defendant caused his car to strike, with substantial impact, the car in which the plaintiff was seated and that the defendant was negligent in that regard. This contention cannot be sustained in view of the record.

The trial court found that "such contact was of substantial force, and that it was unreasonable to strike this car as hard as defendant did." The evidence, consisting of the plaintiff's testimony, the medical testimony as to her injuries caused by the impact, and the uncontradicted evidence that the defendant was fully aware of the cars' positions, is sufficient to support the findings. The fact that the defendant could not foresee, as a prudent person, the exact nature of the injury that the plaintiff sustained is not relevant. It is enough to say that he should have

foreseen some danger to her by unreasonably bumping the rear of her car. *McLeod v. Grant Cy. School Dist.*, 42 Wn. (2d) 316, 255 P. (2d) 360 (1953).

The defendant next assigns error to the trial court's finding that the plaintiff was not contributorily negligent. The defendant contends that Mr. Raffensperger parked his car in violation of a city ordinance and that such violation was negligence per se, which must be imputed to his spouse, the plaintiff.

The trial court found that although the violation of the ordinance was negligence per se, it was not a proximate cause of the accident. The ordinance in question is City of Everett Ordinance No. 3527, Section 4, and it provides as follows:

"The Chief of Police is hereby instructed to have lines or marks painted or placed upon the curb and/or upon the street adjacent to each parking meter for the purpose of designating the parking space for which said meter is to be used and each vehicle parking alongside of or adjacent to any parking meter shall park within the lines or markings so established. It shall be unlawful and in violation of this ordinance to park any vehicle across such lines or markings or to park said vehicle in such position that the same shall not be entirely within the area so designated by such lines or markings."

We are satisfied the trial court erred in its determination that the violation of this ordinance was not a proximate cause of the accident. Clearly, one of the purposes of the ordinance is to facilitate the free movement of cars in and out of parking spaces and to prevent property damage to cars and personal injuries to occupants of parked cars from just such collisions as the one that occurred in this case. We are convinced by the undisputed evidence in the record that this accident would not have occurred but for the violation of the ordinance by the plaintiff. This establishes the violation as an actual cause of the accident. *Eckerson v. Ford's Prairie School Dist.*, 3 Wn. (2d) 475, 101 P. (2d) 345 (1940). The requisite degree of proximity of this cause of the accident is established when it must be said, as here, that the type of harm involved is one

which the ordinance was intended to prevent, and that the ordinance was intended to protect the individual who incurred the harm. *Sinclair v. Record Press,* 52 Wn. (2d) 111, 323 P. (2d) 660 (1958); *Cook v. Seidenverg,* 36 Wn. (2d) 256, 217 P. (2d) 799 (1950). As Mr. Raffensperger's negligence must be imputed to his spouse, we hold that the plaintiff was guilty of contributory negligence which was, as a matter of law, a proximate cause of the accident. *Ostheller v. Spokane & Inland Empire R. Co.,* 107 Wash. 678, 182 Pac. 630 (1919).

However, the defendant still cannot prevail in this appeal, for the reason that the trial court properly applied to the facts the doctrine of last clear chance. The defendant contends that the evidence in the record cannot support an application of the doctrine, but this contention is without merit.

 The trial court applied the first of the two phases which comprise the doctrine in Washington. The first phase as set forth in *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302 (1924) is as follows:

". . . where the defendant *actually* saw the peril of . . . [the plaintiff] and should have appreciated the danger and failed to exercise reasonable care to avoid injury, such failure made the defendant liable, although the plaintiff's negligence may have continued up to the instant of the injury; . . ."

 The record clearly discloses that the defendant realized the difficulty of extricating his car from the parking space. He waited a substantial period of time before deciding to attempt to remove his car. He knew the plaintiff was sitting in the car directly ahead. The trial court was justified, under these facts, in concluding that the defendant appreciated there would be danger to the plaintiff if he caused his car to strike, with substantial force, the rear bumper of the plaintiff's car. Also, the evidence shows the defendant had ample opportunity to avoid the accident since he was in complete control of his car in starting out from the parked position. His negligent failure to exercise

reasonable care under these circumstances calls for an application of the doctrine of last clear chance.

■ The defendant next contends that the trial court erred in not applying the maxim *volenti non fit injuria* to bar the plaintiff's recovery. It is enough, in answering this contention, to conclude the record supports the trial court's finding that the plaintiff did not know of and appreciate the danger arising from the defendant's negligence. The plaintiff testified that, because of the conversation with the defendant when she returned to the car, she was not aware that he was going to attempt to extricate his car from the space when he did. Moreover, the record is clear that the defendant did not warn the plaintiff of his intentions. The trial court properly found that she did not assume the risk of the defendant's negligent conduct. The element of knowledge of the risk is essential to an application of the maxim. *Anderson v. Rohde,* 46 Wn. (2d) 89, 278 P. (2d) 380 (1955).

■■ The defendant next asserts that the trial court committed prejudicial error by granting the plaintiff's motion, at the beginning of the trial, to amend the pleadings to include the doctrine of last clear chance and, further, by refusing the defendant a continuance upon granting the motion to amend. We do not think that the trial court committed error in these matters. The record reveals that at the outset of the trial, the defendant was allowed to amend his pleadings to include contributory negligence due to the violation of the ordinance. Thereupon, the plaintiff was allowed to assert the doctrine of last clear chance. Leave to amend was properly within the trial court's discretion. *Hendricks v. Hendricks,* 35 Wn. (2d) 139, 211 P. (2d) 715 (1949). Also, the refusal to grant a continuance, being discretionary, was proper since the inclusion of the doctrine did not add to or alter the facts which were to be proved at the trial. The defendant did not show any element of surprise to justify a continuance. *Robbins v. Wilson Creek State Bank,* 5 Wn. (2d) 584, 105 P. (2d) 1107 (1940).

The defendant argues that the damages awarded by the trial court were so grossly excessive as to indicate unmistakably that they were the result of passion and prejudice. The plaintiff proved liquidated damages in the sum of $613 for medical care. The judgment of $7,613, therefore, included $7,000 for general damages.

■ We are of the opinion that an award of general damages of $7,000 is supported by the record. Dr. Chase, who treated the plaintiff before and after the accident, testified that the impact from the defendant's car caused injuries in the region of the plaintiff's neck and back, and aggravated previously existing conditions. As to the extent of the injuries sustained, he further testified:

"I think that with her body build and the strain she has on her ligaments and so forth, that she will have trouble probably as long as she lives, that is, she will be free of it at times but at times it will be aggravated. These muscles in the back of the neck and ligaments are particularly susceptible to the emotional strain, and once they have been injured, they will be more susceptible. By that I mean they will be a trigger spot for her; it will trigger headache pain and spasm, I do believe, and probably, because of her body build, this thing will be of long duration and probably as long as she lives."

The plaintiff was required to wear a cervical collar at the time of the trial, eleven months after the accident. The plaintiff testified she endured substantial pain and discomfort which she had not experienced prior to the accident. The trial judge was entitled to believe this testimony. The award for damages to plaintiff was within the range of the evidence introduced.

The judgment is affirmed.

HAMILTON, J., concurs.

DONWORTH, J. (concurring in the result)—The trial court found that appellant husband caused his car (which for a considerable period of time had been parked parallel to the curb immediately behind respondents' parked car) to strike respondents' car with substantial impact. It further

found that such contact was of substantial force, and that it was unreasonable to strike respondents' car as hard as appellant did. Respondent wife was seated in respondents' car at the time of the impact, as appellant husband knew when he put his car in motion. The two cars had been stationary at the curb for some time prior to appellant husband's attempt to unpark his car. He was very angry because respondent wife had told him that she could not drive her car and that appellants would have to wait until her husband returned.

Damages of $7,000 were awarded to her by the judgment of the trial court because of the personal injuries sustained by respondent wife as the result of appellant husband's driving his car into her car. This was in addition to special damages of $613.

Although the case was tried on the issues of negligence and contributory negligence and last clear chance, these findings and others made by the trial court, in my opinion, show wanton misconduct on the part of appellant husband, and not negligence. The trial court's findings convince me that appellant husband performed an intentional act in reckless disregard of the consequences under such circumstances that a reasonable man would know that his conduct would, in a high degree of probability, result in substantial harm to the occupant of the car parked in front of his.

In *Greetan v. Solomon,* 47 Wn. (2d) 354, 287 P. (2d) 721 (1955), we discussed the doctrine of wanton misconduct as follows:

"This court recently had occasion to consider and apply the doctrine of wanton misconduct in *Adkisson v. Seattle,* 42 Wn. (2d) 676, 258 P. (2d) 461, a case which is referred to in the briefs of both parties. While that case involved the collision of an automobile with an unlighted obstruction in the mainly traveled portion of a public street which carried heavy traffic, the definition therein of wanton misconduct is, in our opinion, applicable to the facts of this case. After quoting from Restatement of the Law of Torts, at page 1293, § 500, we defined wanton misconduct as follows:

" 'Wanton misconduct is not negligence, since it involves intent rather than inadvertence, and is positive rather than negative. It is the intentional doing of an act, or intentional failure to do an act, in reckless disregard of the consequences, and under such surrounding circumstances and conditions that a reasonable man would know, or have reason to know, that such conduct would, in a high degree of probability, result in substantial harm to another.' "

I think that the conduct of appellant husband, as described in the trial court's findings, did not constitute merely negligence but was wanton misconduct as defined in the above quotation. Thus, the issue of respondents' alleged contributory negligence could no longer be considered as a factor in the case. *Adkisson v. Seattle,* 42 Wn. (2d) 676, 258 P. (2d) 461 (1953).

I, therefore, would affirm the trial court's judgment for the reason that appellants are liable for the injuries sustained by respondent wife, which were caused by the wanton misconduct of appellant husband in intentionally starting to extricate his car from its cramped location at the curb in violent and reckless disregard of the consequences under circumstances which a reasonable man would know that his acts would, in a high degree of probability, result in substantial harm to the occupant of respondents' car.

For the reason stated, I concur in the result of the majority opinion.

FINLEY, C. J., and OTT, J., concur with DONWORTH, J.

---

July 6, 1962. Petition for rehearing denied.