**Thomas L. HUDDLESTON, Plaintiff,**

v.

**ANGELES COOPERATIVE CREAMERY, a Washington corporation, Defendant.**

**Civ. A. 7712.**

United States District Court,
W. D. Washington, N. D.
Jan. 13, 1970.

---

John E. McCluskey, Seattle, Wash., for plaintiff.

Raymond D. Ogden, Jr., Ogden, Ogden & Murphy, Seattle, Wash., for defendant.

## OPINION

SOLOMON, Chief Judge:

Thomas L. Huddleston seeks to recover damages for personal injuries which he sustained in an automobile accident. Defendant moved to dismiss.

On October 9, 1965, Huddleston, his wife, and their five children left Bremerton, Washington for a pleasure drive in the family automobile. Early in the afternoon, Huddleston became sleepy and asked his wife to drive.

Mrs. Huddleston, with her husband asleep in the car drove along Highway 101 toward Highway 113. She failed to notice the flashing red light at the intersection of the highways and entered the intersection without stopping. The car was struck by defendant's truck, which was approaching from Highway 113. It is conceded that Mrs. Huddleston was negligent, and that her negligence at least partially caused the collision in which her husband was injured.

Huddleston is a pipe designer who worked at various job sites in Washington, California and Oregon. In 1961, Huddleston and his wife purchased a home in Portland, Oregon. Except for nine months, they lived in Oregon from the time they purchased their home until May, 1965, when Huddleston was transferred for a six month assignment to Bremerton, Washington. At the time of the accident, Huddleston and his family had lived in Bremerton for approximately five months. After the accident, they returned to Portland, where they lived for a year and a half before moving to Seattle.

Between 1961 and 1968, Huddleston lived in Oregon except when his employment required him to live elsewhere. At the time he filed this action in May, 1968, he lived, worked, and voted in Oregon. For diversity purposes, domicile is determined at the date an action is filed. Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). A person is domiciled in the state in which he is physically present and intends to make his present home. Janzen v. Goos, 302 F.2d 421 (8th Cir. 1962). I find that at the time of the accident as well as when he filed this action, Huddleston was a citizen of Oregon.

In a diversity action, this Court must apply Washington's choice of law rules. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Washington, unlike many other states, follows the rule that liability for a tort is governed solely by the law of the state in which the tort is committed. Mountain v. Price, 20 Wash.2d 129, 146 P.2d 327 (1944); Maag v. Voykovich, 46 Wash.2d 302, 280 P.2d 680 (1955); Philp v. Macri, 261 F.2d 945 (9th Cir.1958).

Washington still adheres to the doctrine of imputed negligence, which has been abandoned by many other

states.[1]  Since the accident occurred in Washington, this Court is bound by the rule that the negligence of one spouse is imputed to the other if the negligent spouse was acting for the community. Warner v. Keebler, 200 Wash. 608, 94 P.2d 175 (1939); Ostheller v. Spokane & I.E.R. Co., 107 Wash. 678, 182 P. 630 (1919); Raffensperger v. Towne, 59 Wash.2d 731, 370 P.2d 593 (1962).  This law applies to prevent the non-negligent spouse from recovering from a third party.  *Raffensperger, supra.*

 It is presumed that a wife who drives the family automobile does it for her own benefit and not for the benefit of the community.  Kerr v. Cochran, 65 Wash.2d 211, 396 P.2d 642 (1962).  This presumption is overcome when the husband is a passenger in the car.  *Ostheller, supra.*  Plaintiff was a passenger in the automobile, and his wife's negligence is imputed to him.

Defendant's motion to dismiss is granted.

---

1.  *See, e. g.,* White v. Yup, 458 P.2d 617 (Nev.1960); and Cal.Civ.Code, § 5112.