[No. 26872.   Department Two.   March 28, 1938.]

ERVIN LEWIS, *by Trueman Lewis, His Guardian,*
*Respondent,* v. HENRY A. BERTERO *et al.,*
*Appellants.*[1]

[1]Reported in 77 P. (2d) 786.

*Poe, Falknor, Emory & Howe* and *John B. Fogarty,* for appellants.

*Verne C. Henry* and *Wm. A. Johnson,* for respondent.

MILLARD, J.—On December 9, 1936, at approximately 4:46 p. m. (one-half hour after sunset), a southbound automobile owned and operated by Ben Hinderman collided on the highway between Hartford and Granite Falls with the rear of a southbound truck owned by Henry A. Bertero and Lewis Fasce, a copartnership doing business under the trade name of Everett Garden Company. At the time of the collision, an automobile operated by Wesley Kennaugh was towing the truck, of which the driver in charge was Henry A. Bertero.

Accompanying Ben Hinderman in the automobile operated by him were Ervin Lewis, Dewey Hinderman, and Clem Pace. The four men were employed by a logging company near Granite Falls. The Hindermans resided at Roosevelt, about seven miles from Snohomish, in which town Pace and Lewis resided. Ben Hinderman transported the three occupants of his car daily from their homes to their place of employment and back to their homes under an agreement for the payment by each of the three persons of twenty-five cents a day to Ben Hinderman for this service. The round trip each day approximated forty miles. All of the parties lived on the same road over which Hinderman traveled to and from his work, and all of them were employed by the same logging company.

As a result of the collision, Ervin Lewis was seriously injured. He, not mentally competent, instituted this action by his guardian to recover against the owners and operators of the truck and towing automobile. The appeal is prosecuted by the defendants

from judgment entered on a verdict in favor of the plaintiff.

Appellants first contend that the respondent and the other parties riding in the Hinderman automobile were engaged, at the time of the collision of that automobile with the truck, in a joint adventure: they had a common purpose and community of interest; they were all employed by the same employer, used the same automobile to go from their respective homes to their places of employment and return each day; and that, with the exception of the owner of the automobile in which they were carried to and from their work, the respondent, Dewey Hinderman, and Clem Pace (the three who rode with Ben Hinderman) contributed a sum approximating merely the cost of the gas and oil used in making the trip. It is insisted that, on these facts, the negligence of the operator of the automobile is imputable to respondent and the other occupants of the automobile, as they, with the operator of the automobile, were engaged in a joint adventure; and that Hinderman was guilty of negligence as a matter of law, which bars recovery by all of the joint adventurers.

It is further urged as a bar to recovery that, under the statute (Rem. Rev. Stat., §§ 6382, 6385, 6388 [P. C. §§ 235, 238, 234-4]), it was unlawful for Hinderman to carry the three occupants of his automobile as passengers for hire. Assuming, but not conceding, that the statute invoked prohibits, in the absence of a license therefor, the carrying of persons as in the case at bar for compensation, inasmuch as the violation of the statute was not a proximate cause of the collision, appellants may not successfully urge the violation of the statute as a defense to this action. This rule is so well established that it is deemed unnecessary to cite sustaining authority.

██ The negligence of Ben Hinderman, the operator of the automobile in which respondent was riding, is not a bar to the action of respondent against operators of the truck and the towing automobile for their negligence, which was, as the jury found, a proximate cause of the collision. In such a case, the injured passenger or occupant of the one automobile might have a cause of action against both the operator of the car, in which he was riding as a passenger, and the operator of the other offending automobile or truck. That is, if a passenger for hire, which is the status of respondent, receives an injury from the joint negligence of the operator of the vehicle in which he is riding and of the operator of the automobile with which the collision is had, the negligence of the operator of the car in which such person is riding is not imputable to the passengers for hire.

It is argued that only those persons who are transported from place to place in a public conveyance can properly be denominated as passengers. *Marks v. Home Fire & Marine Ins. Co.*, 285 Fed. 959. Hinderman was not a common carrier; he was a private or special carrier. The duty resting upon a common carrier to receive all who apply for passage does not rest upon a special or private carrier. A person who pays for transportation to and from the place of his employment in a fellow employee's automobile is a passenger for hire. That is the situation in the case at bar. This is not a case where all the parties in Hinderman's automobile were making a single or special trip in an automobile owned by one of them, in the payment of the expenses of which all shared, which distinguishes the case at bar from the cases cited by appellants in support of their contention that this was a joint adventure.

As respondent was a passenger for hire, the negli-

gence of the operator of the automobile in which respondent was riding is not imputable to the respondent. An apposite authority is *Johnson v. Mack,* 263 Mich. 10, 248 N. W. 534. Johnson, together with Mack and two other fellow employees, were riding in an automobile, owned and operated by Mack, to a factory at Flat Rock, Michigan, the place of employment of the operator of the automobile and those who were riding with him. Mack's car collided with a truck of the Norcross Marble Company. Johnson brought an action against Mack and the Marble company to recover for the injury sustained by him because of the alleged negligence of Mack and the Marble company. From a judgment for plaintiff against Mack, the defendant appealed. The judgment was affirmed by the supreme court on the ground that, by reason of the payment by Johnson to Mack of thirty cents a day or $1.80 a week for transportation, a passenger for hire relationship was established. The court said:

"It is claimed, however, that plaintiff, Mack and the other two passengers were engaged in a joint venture; that, as fellow workmen, they were using Mack's car to transport them to their place of work, and then home again. There is much confusion in the law and a conflict of authority as to what constitutes a joint enterprise in the use of an automobile. The facts in the present case, however, are clear, and show distinctly that there was no joint enterprise. The car belonged to Mack. Plaintiff had no control over it whatever. He paid for his transportation. Were Mack solely responsible for the accident, and had defendant Norcross Marble Company been injured, its cause of action would have been against Mack exclusively and not against plaintiff;"

and adopted the reasoning in the concurring opinion of Sharpe, J., in *Rogers v. Weber,* 235 Mich. 180, 209 N. W. 165, as follows:

"A person driving with another for pleasure may be said to take the chances of the care which the person with whom he is riding will exercise. He may be said to have, at least to some extent, the right of direction or control. Or, as stated in 20 R. C. L., p. 163, as a reason for such holding:

" 'Voluntary entrance into a private conveyance adopts the conveyance for the time being as one's own, and assumes the risk of the skill and care of the person guiding it.'

"The reasoning which supports these views is not, in my opinion, applicable to a passenger who, in order to meet a business engagement, or prompted by any other motive deemed by him to be sufficient, secures the service of a conveyance for hire. He trusts his person to the care of a driver, who, for a consideration, undertakes to deliver him safely. He has no more control over the driver than if the conveyance were being operated by a common carrier. He may, in either case, insist on alighting if of the opinion that the driver is careless and that his safety is imperiled by remaining in the conveyance. But, if such carelessness be first revealed when an accident happens, the law will be harsh indeed which will hold him blameworthy for the driver's recklessness."

In the case of *Johnson v. Mack, supra,* as in the case at bar, the plaintiff had absolutely nothing to do with the management or control of the automobile. On the contrary, the owner of the automobile had exclusive control over it, he received payment from the plaintiff for transportation and was solely responsible for the operation of the automobile. Respondent and his fellow passengers did not have an equal right with Hinderman of control of the automobile.

Appellants next complain that the trial court erred in limiting the cross-examination of the respondent's brother and sister-in-law concerning an accident to respondent's head in September, 1934, while he was in the employ of the Forestry Service in Oregon.

Both respondent's brother and respondent's sister-in-law testified a number of times on cross-examination that they did not know anything about an injury to respondent's head in 1934. Counsel for appellants continued to press the inquiry as to the accident, stating the appellants were not content to permit the matter to rest on a denial of the injury, whereupon the court observed that a great deal of time was being expended on this; that each of the witnesses ten times denied that respondent sustained an injury to his head in Oregon in 1934; that

"If they had known it and denied it, they are guilty of perjury, and there wouldn't be anything gained by denying it a dozen times. I don't want to limit your right, but when they have made definite declarations that they haven't, the only way to confront that is by the facts."

The court did not err in denying to appellants the privilege of asking the same question to which the two witnesses had made the same reply ten times, as stated above.

Nor may appellants successfully urge as error the denial of the motion for a new trial on the ground that they obtained evidence after the trial establishing the fact of the injury to respondent in 1934.

Before the trial, appellants had information that respondent received an injury to his head in the state of Oregon in September, 1934. In fact, appellants were in possession of a great deal of information concerning the matter—the names and residence of witnesses, etc.—also their counsel and their physician examined the respondent before the trial of the action.

When respondent's brother and sister-in-law were cross-examined, appellants then had the information they now have and could have introduced evidence on the subject of the 1934 injury to respondent. They offered none. That they were disappointed in not

obtaining on cross-examination the answers they anticipated and to which they deemed they were entitled, does not excuse their failure (nor was the restricting of the cross-examination error) to offer the evidence they had or which with diligence they could have obtained in time for the trial. Clearly, the so-called newly discovered evidence respecting the 1934 injury to respondent's head was evidence which the appellants had at the time of or prior to the trial or with reasonable diligence could have obtained before the trial. The assignment of error is without merit.

The other errors assigned are without substantial merit. Whether the action occurred after sunset, whether there was a rear light, as required by the statute, on the truck, and whether the appellants were guilty of negligence which was a proximate cause of the collision, were questions of fact. The evidence as to those questions was conflicting. On instructions of which appellants do not complain those questions were submitted to the jury, which resolved same in favor of the respondent. The jury's verdict is conclusive on those questions of fact.

The judgment is affirmed.

STEINERT, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.