[No. 5181–1–III.   Division Three.   November 10, 1983.]

MARVIN D. WICKLUND, *Plaintiff,* v. GUS J. BOUTEN CONSTRUCTION COMPANY, *Appellant,* VIRGIL V. FELTON, ET AL, *Respondents.*

72

*William D. Hyslop* and *Lukins & Annis,* for appellant.

*William Goss, Jr.,* and *Turner, Stoeve, Gagliardi & Goss,* for respondents.

MUNSON, C.J.—Gus J. Bouten Construction Company (Bouten) appeals the dismissal of its third party claim against Virgil V. Felton and Jane Doe Felton, d/b/a Northwest Sandblast (Northwest). The issue is whether the trial court erred in refusing to hold Northwest liable as a joint or concurrent tortfeasor pursuant to an indemnity provision in Bouten's contract with Northwest. We affirm.

Bouten, a general contractor, subcontracted sandblasting to Northwest pursuant to a contract which contained the following indemnity provision:

> The subcontractor agrees to indemnify and hold harmless the Contractor for loss, damage, and/or injury from act or omission of the Sub–Contractor, its employees or agents, to the person or property of the parties hereto and their employees and to the personal property of any other person or corporation, while engaged in the performance of these duties, and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally.

Marvin D. Wicklund, a Northwest employee, was injured when he fell from a scaffold at the jobsite; he sued Bouten. Bouten filed a third party action against Northwest; prior to trial, the issue of Northwest's liability under the indemnity provision was bifurcated.

A jury found Bouten was 75 percent negligent and awarded Wicklund $45,300 in damages. The jury found Wicklund was 25 percent negligent; therefore, the verdict was reduced to $33,975. By a separate interrogatory, the jury also found Northwest was not negligent.

In a subsequent hearing on the third party claim, Bouten sought to hold Northwest liable for one–half of the $33,975 verdict. The court found no evidence nor reasonable inference "to establish any joint or concurring negligence to be applied to Northwest . . ." Therefore, the court refused to hold Northwest liable for any of the verdict against Bouten. Bouten appeals, contending the comparative negligence of Wicklund (25 percent) should be imputed to Northwest to hold it liable for one–half of the verdict. For the following reasons, we reject Bouten's argument.

Bouten focuses on the language in the second section of the indemnity clause:

and if any claim or liability other than from fire shall arise from the *joint or concurring negligence of both parties* hereto, it shall be borne by them equally . . .

(Italics ours.)

■ Absent a valid indemnity agreement in which the employer agrees to be held liable for its own acts of negligence, an employer's liability is generally limited to industrial insurance benefits under RCW 51.04 *et seq. Seattle– First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 241–42, 588 P.2d 1308 (1978). The employer may make "special provisions" for his employee in a bargained–for written indemnification agreement, *Redford v. Seattle,* 94 Wn.2d 198, 615 P.2d 1285 (1980); however, the scope of such agreements is limited "to those cases in which some activity of the employer contributed to the injury." *Redford v. Seattle, supra* at 205; *Jones v. Strom Constr. Co.,* 84

Wn.2d 518, 527 P.2d 1115 (1974).

RCW 4.24.115 evidences also a strong public policy against indemnity provisions which would make a subcontractor liable for the negligence of a contractor. RCW 4.24-.115 states:

> A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair, addition to, subtraction from, improvement to, or maintenance of, any building, highway, road, railroad, excavation, or other structure, project, development, or improvement attached to real estate, including moving and demolition in connection therewith, purporting to indemnify against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the indemnitee, his agents or employees is against public policy and is void and unenforceable.

Because this accident occurred as a result of the combined negligence of Wicklund and Bouten, Bouten argues the statute has limited application. While Bouten urges this court to impute Wicklund's negligence to Northwest, the result would be to relieve Bouten of one–half of a 75 percent liability. We do not believe this position reflects the trend of Washington law. An employer cannot be held to contribution when it has not acted negligently.

Bouten argues the theory of imputed contributory negligence allows such a result. W. Prosser, *Torts* § 74, at 488 (4th ed. 1971), states:

> Ordinarily the plaintiff's action for his damages will not be barred by the negligence of any third person who may have contributed to them. He may treat the defendant and the stranger as joint tort feasors, so far as each is a legal cause of the harm, and recover from either. But if the plaintiff and the third person stand in such a relation to one another—as for example that of master and servant—that the plaintiff will be charged with that person's negligence as a defendant, it will ordinarily follow that he will likewise be charged with it as a plaintiff. Normally, the responsibility is applied "both ways."

(Footnotes omitted.) Washington follows the theory of imputed contributory negligence.[1] *See, e.g., McCandless v. Inland Northwest Film Serv., Inc.,* 64 Wn.2d 523, 392 P.2d 613 (1964) (contributory negligence of youth imputable to parents); *Brown v. Spokane Cy. Fire Protec. Dist. 1,* 21 Wn. App. 886, 586 P.2d 1207 (1978) (contributory negligence of survivor is damage reducing factor); *Griffin v. Gehret,* 17 Wn. App. 546, 564 P.2d 332 (1977) (contributory negligence of youth imputable to parents). Imputed contributory negligence in a "joint adventure" is discussed in *Poutre v. Saunders,* 19 Wn.2d 561, 143 P.2d 554 (1943), which states the question is whether the principal has the right to control the agent. *See also Pagarigan v. Phillips Petroleum Co.,* 16 Wn. App. 34, 37, 552 P.2d 1065 (1976). Since the right to control is also a major element of respondeat superior, *Tuggle v. Anderson,* 43 Wn.2d 721, 263 P.2d 822 (1953), Bouten is correct in contending contributory negligence will be imputed from an employee to an employer.

But as *Poutre v. Saunders, supra,* also states, the controlling party is held accountable for the acts of its agent *toward a third party. See, e.g., Lewis v. Bertero,* 194 Wash. 186, 77 P.2d 786 (1938). Where, as here, the employee has violated no duty to a third party, there is no negligence to impute. With no imputed negligence, Northwest is not a joint or concurrent tortfeasor and cannot be held to contribution.

This court has found only one case in which the issue has been addressed: *Drewery v. Daspit Bros. Marine Divers, Inc.,* 317 F.2d 425 (5th Cir. 1963). Drewery was a diver employed by Daspit Bros., which had a contract with Shell Oil Co. to locate and repair a severed underwater oil line. The contract contained an indemnity provision in which Daspit Bros. agreed to hold Shell harmless for all liability

---

[1]The Latin term for this doctrine is *qui facit per alium facit per se.* The term is defined by the late Chief Judge Willard J. Roe in his book *Latin for Lawyers* to mean "he who acts through another acts himself".

incurred "'except where such injury, death, loss or damage has resulted from the negligence of Shell without negligence or fault on the part of [Daspit Bros.]'". *Drewery v. Daspit Bros. Marine Divers, Inc., supra* at 426.

Drewery was injured while diving. A jury found Daspit Bros. was not negligent, Drewery was 80 percent negligent and Shell was 20 percent negligent. Shell argued the negligence of Drewery should be imputed to Daspit Bros. so that it became liable for the 20 percent net verdict. The trial court agreed, but the Court of Appeals did not, stating at page 428:

> These authorities make it clear that imputed negligence, based as it is on a fiction, works to hold the master for injuries to third persons occasioned by the fault of his servant, and to bar the master where his servant contributes or concurs in the harm done the master. We are asked to take the doctrine one step further; to embrace the master through the imputation to the master of the negligence of the servant resulting in injury to himself, to the end of creating liability on the part of the master to an indemnitee under the terms of a contract.

> But this additional step does not follow for here no tort against either a third person or the master is present, and the legal fiction of imputed negligence rests on such a tort. Negligence causing injury to one's self will not suffice, for a tort rests on the breach of a legal duty owed another. To take this step would be adding a legal fiction to another legal fiction.

We find this analysis persuasive. Where the employee is injured through no fault of the employer, neither the employer nor the employee has breached a duty to a third party; imputed contributory negligence is inapplicable.

We hold therefore (1) Northwest could not be held liable as a matter of law for Bouten's negligence and (2) the doctrine of imputed contributory negligence cannot be used to impute a breach of duty where none existed.

Judgment affirmed.

McINTURFF, J., and EDGERTON, J. Pro Tem., concur.