[No. 17534.   Department One.   March 9, 1923.]

CORPORATE LOAN & SECURITY COMPANY, *Appellant,* v.
DELLA S. FLINDALL, *Respondent.*[1]

ELECTION OF REMEDIES (3)—ACTS CONSTITUTING ELECTION—CLAIM
AGAINST ESTATE.   The presentation of a funeral director's claim
against the estate, which was allowed, is not an election of remedies,
precluding an action against the widow upon her promissory note
given upon her arrangements for an agreed price for the services
rendered.   (HOLCOMB, J., dissents.)

Appeal from a judgment of the superior court for
King county, Tallman, J., entered March 3, 1922, dis-
missing an action on a promissory note, tried to the
court.   Reversed.

*Karr & Gregory* and *H. G. Sutton,* for appellant.

*Vince H. Faben,* for respondent.

MITCHELL, J.—Della S. Flindall, on the death of her
husband, made arrangements with E. R. Butterworth
& Sons, funeral directors, for services and supplies in
conducting the funeral and burial of her deceased hus-
band, at the agreed price of $414, for which she exe-
cuted and delivered to them her promissory note in
that sum, with interest.   The services were rendered
and supplies furnished by the funeral directors.   The
note not having been paid when due, it was assigned
to the Corporate Loan & Security Company, a corpora-
tion, for collection, which corporation commenced this
action on the note to recover judgment against the
maker.   Upon the framing of the issues, which in-
cluded an affirmative defense immaterial at this time,
the cause came on for trial, whereupon the court al-
lowed a trial amendment to the answer, to the effect
that, prior to the commencement of the action, the

[1] Reported in 213 Pac. 450.

plaintiff and its assignor had presented a claim to the administratrix of the estate of William A. Flindall, deceased, "in which said claim the note herein sued upon was claimed to be for the burial expenses of the deceased, and a preferred claim against the assets of the said estate, and that said claim has been allowed by the administratrix of said estate, Della A. Flindall, and which said estate is of the records and files of this court." Upon being asked by the court whether or not the plaintiff denied the new matter, its attorney replied in the negative, but with the further statement that the claim had been presented to the estate at the request of the attorney for the administratrix, an attorney other than the one representing her in this action. Thereupon, on motion of the defendant, the court held that, by presenting the claim against the estate, the holder of the note had waived any right to collect the note or sue thereon, and entered an order and judgment of dismissal of the action, from which this appeal has been taken.

There is no allegation or pretense that the estate of the decedent has paid the claim allowed by the administratrix, or any part of it. In this state the funeral expenses of the deceased person, in such an amount as the court shall order, are made by statute a preferred charge against his estate. Rem. Comp. Stat., § 1451. But, as held in *Butterworth v. Bredemeyer,* 74 Wash. 524, 133 Pac. 1061: "It is not denied, of course, that an express promise to pay the expenses of a funeral will create a primary liability against the person so promising." That is precisely what the respondent did. She gave her formal promissory note for the funeral services of her deceased husband. It is wholly immaterial whether she became surety or guarantor for the payment of the debt to the extent the court

might finally allow it against the estate, because in giving the note she obligated herself primarily to pay the full amount expressed in the note. She will not be permitted to say that, by having the claim presented to the estate at her request and allowed by her, or by her approval of the claim as executrix without her request that it be presented, she has thereby absolved herself from her own express obligation and make it a charge only against the estate, of which she is the sole representative.

Assume that the estate is still liable for a reasonable amount to be allowed by the court, notwithstanding her express promise to pay, the most favorable view to her in this case, the presentation of the claim against the estate of itself constitutes no waiver of the right of action against her. The creditor has his right of action against all parties liable, and, under the statute, he is not entitled to maintain an action against an estate except upon a rejection of his claim, duly presented to the representative of the estate; and having it allowed, he may then maintain an action against another who has expressly agreed to pay that same debt. The presenting of the claim against the estate was in no way inconsistent with the creditor's right or intention to also rely upon his right of action on the note given by the respondent, nor by that conduct can it be held that the creditor has estopped himself in favor of the respondent, for she has been in no way misled to her prejudice or into an altered position.

Another assignment of error refers to the sufficiency of an affirmative defense not related to the trial amendment of the answer upon which the action was dismissed. We are not warranted in going beyond the cause or reason given for the judgment appealed from in disposing of the case at this time.

Concluding there was neither waiver nor estoppel on the part of or against the appellant, the judgment is reversed.

Main, C. J., Mackintosh, and Bridges, JJ., concur.

Holcomb, J., dissents.