[No. 25815. Department One. December 13, 1935.]

KENNETH C. NEWBURY, *Appellant,* v. A. D. REMINGTON et al., *Respondents.*[1]

*John J. Kennett,* for appellant.

*Carkeek, McDonald & Harris,* for respondents.

MITCHELL, J.—This action was brought by Kenneth C. Newbury to recover judgment against A. D.

[1]Reported in 52 P. (2d) 312.

Remington and against the marital community consisting of A. D. Remington and June H. Remington, his wife, on account of property damages and personal injuries and suffering caused by an assault and battery inflicted upon him by A. D. Remington.

The trial resulted in findings of fact from which the court concluded and entered judgment in the sum of one thousand dollars and costs against A. D. Remington.

The plaintiff, being satisfied with the findings of fact made and filed by the trial court, has appealed because the trial court refused to conclude and enter judgment against the marital community of A. D. Remington and his wife.

It appears by the findings of fact that the appellant Newbury, while driving an automobile southerly on Thirty-fifth avenue N. E., in Seattle, overtook an automobile belonging to Remington and wife going in the same direction and driven by A. D. Remington. Appellant attempted to pass the automobile belonging to the Remingtons, and for a distance of several blocks Remington, by turning his car to his left at times, so drove it as to prevent appellant from passing, and on several occasions abruptly slowed down his car so as to require appellant to act quickly to avoid a collision, during all of which time A. D. Remington, and another man riding with him, were making gestures of various kinds to the appellant.

Appellant finally overtook and passed respondent's car while it was stopped at a street intersection and after appellant had gone a short distance further, respondent drove his automobile alongside appellant's automobile and ordered appellant to stop, and upon appellant's refusal to stop respondent husband turned his car to the right so as to force appellant to drive off

the pavement to avoid a collision. It was further found:

"That said defendant alighted from his automobile and went back to the plaintiff's automobile and accused the plaintiff of driving through an arterial highway at the intersection of E. 95th St. without stopping. The said defendant at said time threatened to have the plaintiff arrested. The plaintiff remained seated in his automobile in company with his young lady companion and refused to engage in any altercation with said defendant. That the said defendant suddenly said: 'I have changed my mind about having you arrested, and will take care of you myself,' and thereupon reached through the open window of the plaintiff's automobile and with one hand grabbed the glasses from plaintiff's nose, and at the same time struck the plaintiff a violent blow across the mouth with his other hand, cutting the plaintiff's lip and inflicting permanent injuries as hereinafter set out. That the said defendant threw the plaintiff's glasses to the pavement, breaking and ruining them."

The question of the liability of a marital community for the tortious acts of the husband was considered and the rule for its determination set out in the case of *DePhillips v. Neslin,* 139 Wash. 51, 245 Pac. 749, wherein, upon a discussion and review of the authorities, it was said:

"The controlling consideration is, was the tortious act of Neslin, the husband, committed by him in the management of the community property or for the benefit of the community? If so committed, the community must be regarded as having committed the act and thereby rendered itself liable therefor."

See, also, *Floding v. Denholm,* 40 Wash. 463, 82 Pac. 738.

Applying the rule to the present case, it cannot be said that the tort committed by the respondent husband grew out of or was connected with his management of the community property, nor was it for the

benefit of the community—the tort was committed by him as an aggressor wholly beyond and without any such consideration.

It is further contended on behalf of the appellant that, on the occasion in question, respondent husband was returning from a golf course where he had engaged in beneficial exercise, and that, in driving the automobile belonging to himself and his wife, he did so as the agent of the community, which became liable for his tort under the so-called family car doctrine.

Without attempting to follow the course of the argument on behalf of the appellant in this respect, it is enough to say that the automobile was not used by respondent husband in striking and beating the appellant, nor was it in use at all by him at the time the assault and battery was inflicted by the respondent husband. He was away from the automobile at that time. The uncontested finding of fact is "that said defendant [A. D. Remington] *alighted from the automobile and went back* to plaintiff's automobile, etc.," striking and beating the appellant.

The family car doctrine has no application here. The findings of fact do not warrant any conclusion or judgment against the marital community.

Affirmed.

BLAKE, TOLMAN, STEINERT, and GERAGHTY, JJ., concur.