Re: **Warren O. CROMER v. SOLLITT CONSTRUCTION COMPANY, Inc., Appalachian Electric Power Company, and American Gas and Electric Service Corporation.**

**Civ. No. 1480.**

United States District Court,
S. D. West Virginia, at Charleston.

Nov. 19, 1954.

Hong & Gim, New York City, Benny Gim, New York City, of counsel, for relators.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of New York, New York City, Harold R. Tyler, Jr., Asst. U. S. Atty., New York City, Lester Friedman, Attorney, Immigration and Naturalization Service, New York City, of counsel, for respondent.

Martin C. Bowles, Charleston, W. Va., for plaintiff Cromer.

William T. O'Farrell, W. C. Weaver and R. K. Kelly (of Jackson, Kelly, Holt and Moxley), Charleston, W. Va., for Sollitt Construction Co.

J. Campbell Palmer, III, Charleston, W. Va., for Appalachian Electric Power Co. and another.

MOORE, Chief Judge.

■ There is a motion pending on behalf of Appalachian Electric Power Company to dismiss it as a third-party defendant from this action. This motion is entitled, "Motion for Summary Judgment," but will be treated here as a motion to dismiss; and in that respect the affidavit filed with the motion and the counter-affidavit filed by Sollitt Construction Company will be excluded from consideration.

The original complaint was against the single defendant Sollitt Construction Company, Inc. Appalachian was brought in by Sollitt under Rule 14, Fed.Rules Civ.Proc. 28 U.S.C.A. as a third-party defendant, and after being brought in, plaintiff filed an amended complaint alleging in substance that Appalachian was a joint tortfeasor along with Sollitt, responsible for plaintiff's injury.

The language of the original complaint attributed plaintiff's injury to an alleged negligent act on the part of one of Sollitt's workmen, who is alleged to have loosened a corner post which plaintiff had been in the habit of using as a support when turning a corner of a building on a narrow elevated ledge on his way to the place where he worked. Plaintiff alleges that he bore his weight on the post, that it came loose and caused him to fall and be injured.

Sollitt alleges in its third-party complaint against Appalachian that it was Appalachian's duty to provide a safe way for plaintiff, an employee of Davis H. Elliot Company, Inc., to get to his work. Davis H. Elliot Company is alleged in plaintiff's original complaint to have been a sub-contractor of Sollitt, but in the answers of Sollitt and Appalachian, and at one place in plaintiff's amended complaint, to have been an independent contractor with Appalachian. Sollitt says that Appalachian is primarily liable for plaintiff's injury and is consequently a proper party to the action.

Rule 14 of the Federal Rules of Civil Procedure permits the bringing in by the defendant of "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

It is clear from the allegations of plaintiff's original complaint that the act of negligence which he claims resulted in his injury was the loosening by Sollitt's employee of the post which plaintiff used as a handhold. His amended complaint, while adding the allegation that Appalachian was under a duty to furnish him a safe way to and from his work and that this was not done, still maintains that the cause of plaintiff's falling from the ledge was the giving way of the corner post as a result of its being loosened by Sollitt's workman.

On the whole, these allegations in the complaints both of plaintiff and of Sollitt furnish no basis for a conclusion that Appalachian "is or may be liable to" Sollitt for all or part of the plaintiff's claim against Sollitt, which as I have said is the condition precedent to the bringing in of a third-party defendant.

Prior to the amendment of Rule 14 in 1946, the Rule permitted the bringing in of a person not a party to the action who is or may be liable to the defendant *"or to the plaintiff"* for all or part of the plaintiff's claim against the defendant. The 1946 amendment eliminated such portions of the Rule as permitted the bringing in of a third-party defendant for any other purpose than to establish some liability on the part of the third-party defendant to the original defendant as third-party plaintiff.

■ In the case before me, I believe it is clear that if plaintiff should recover on his claim against Sollitt, there could be no liability over as against Appalachian in favor of Sollitt. If Sollitt or its agent was guilty of no negligence, there could be no recovery against it, and hence no ground for bringing in Appalachian. If Sollitt or its agent was guilty of negligence, either through failure to perform an alleged duty to provide the plaintiff a safe way of getting to his work, or through the act of the workman in loosening the corner post which plaintiff used as a handhold, then the only possible basis in the complaints for recovery over against Appalachian would be that Appalachian is a joint tortfeasor. Sollitt could have no right of indemnity against Appalachian as a result of being held liable for damages caused by a negligent act of Sollitt's own workman. Rule 14 furnishes no authority for a defendant to implead a third-party defendant who is merely alleged to be a joint tortfeasor, Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, in view of the fact that no right of contribution exists in West Virginia between joint tortfeasors until after judgment. In my opinion, the fact that the plaintiff is now willing by an amended complaint to join Appalachian as an alleged joint tortfeasor (having elected in the first place to sue Sollitt alone) furnishes no basis for holding Appalachian as a party. I know of no federal rule which permits a plaintiff after having brought a tort action against one defendant alone to bring another defendant into the same action by an amended complaint alleging joint tortfeasance; and it would seem strange if a plaintiff could achieve the same end by an amended complaint against a third party who has been improperly brought in, upon complaint of the defendant, as a third-party defendant.

■ While the Federal Rules of Civil Procedure should be construed liberally in order to dispose of all matters arising out of one transaction in one suit; still no rule should be expanded to include situations which were not within the contemplation of the framers and which are thus outside the purpose and scope of the rule itself.

562

Appalachian Electric Power Company will be dismissed as having been improvidently brought into the action as a third-party defendant. Since plaintiff's amended complaint against Appalachian as well as Sollitt's third-party complaint must be dismissed, there remains nothing on which a motion for summary judgment could operate; and therefore the motion as a motion for summary judgment is not considered.