**SPRING HILL DAIRY COMPANY, an Ohio Corporation, Plaintiff,**

v.

**Chester E. ELSWICK, Defendant.**

**No. 408.**

United States District Court
E. D. Kentucky,
Catlettsburg Division.

May 27, 1957.

Parsons & Gates, Huntington, W. Va., Gray & Woods, Ashland, Ky., for plaintiff.

Creech & Cox, Ashland, Ky., for defendant.

SWINFORD, District Judge.

The plaintiff, a resident and citizen of Ohio, has brought this action against the defendant, Chester E. Elswick, a resident and citizen of the Eastern District of Kentucky, seeking to recover the sum of $6,221.46. The sole ground of federal jurisdiction is diversity of citizenship. 28 U.S.C.A. § 1332(a) (1).

The defendant now moves the court to make Robert D. Whitt a third-party defendant to this action.

The record reveals that the defendant, Elswick, and the proposed third-party defendant, Whitt, are sole partners in a partnership identified as the Gilpin Dairy Company of Ohio. The plaintiff contracted with the partnership by a written agreement which is filed as a part of the plaintiff's complaint. It is out of this written agreement that this action arises. The proposed third-party defendant, Robert D. Whitt, is a resident of Ohio, the state of residence of the plaintiff.

The third-party practice prescribed by Rule 14, Federal Rules Civil Procedure, 28 U.S.C.A. is a reform in federal procedure which has the worthy purpose of seeking to avoid delay and needless multiplicity of actions. It should be liberally construed but not in such a way as to permit a practice which imposes additional burdens upon and transcends the limits of federal jurisdiction. Fed.Rules Civ.Proc. rule 82, 28 U.S.C.A.

The matter of permitting a party to bring in a third party under Rule 14 is one which addresses itself to the discretion of the trial judge. Rutherford v. Pennsylvania Greyhound Lines, D.C., 7 F.R.D. 245, and cases cited.

In the case at bar, to permit the third party to be brought in as a defendant would defeat the jurisdiction of this court since it would destroy the requisite diversity of citizenship. That question is discussed in a comprehensive opinion from the Fourth Circuit in Baltimore & O. R. Co. v. Saunders, 159 F.2d 481. See also Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, 779, where Judge Clark, a member of the committee which drafted the Rules of Civil Procedure, said in the opinion:

"May a defendant cause a third party to be brought into a federal

civil action under Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A. following section 723c, to answer, along with it, to the *plaintiff's* claim, where the plaintiff and such party are citizens of the same state and federal jurisdiction does not otherwise appear? That is the issue squarely presented here, and we think it must be answered in the negative. Notwithstanding the undoubted convenience of extensive joinder in cases such as this, we must observe the established boundaries of federal jurisdiction, which the rules do not enlarge. F.R. 82."

■ According to the weight of authority a defendant cannot compel the plaintiff, who has sued him, to sue a third party. The plaintiff has selected his forum and proceeded against the defendant and is entitled to prosecute his cause unhampered by collateral matters or controversies which the defendant may have with another who may have been liable to the plaintiff but whom the plaintiff, in his discretion, decided not to sue.

■ In addition to this it is apparently the position of most of the federal courts that where the plaintiff could not have joined the third party originally because of jurisdictional limitation, such as lack of diversity of citizenship, any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailable. Friend v. Middle Atlantic Transp. Co., supra; Delano v. Ives, D.C.Pa., 40 F. Supp. 672; Goodard v. Shasta S.S. Co., D.C.N.Y., 9 F.R.D. 12.

The Court of Appeals for the Sixth Circuit seems to follow this rule in Farr v. Detroit Trust Co., 116 F.2d 807. On page 811 the court said:

"The present jurisdiction of the court rests solely on diversity of citizenship and in such actions, in order to avoid constitutional limitations, the controversy must be in fact of such character. It does not

follow that because an action is instituted with the contesting parties of diverse citizenship that the court can force into it all other persons, either citizens or aliens, whose controversies may have some relationship to the original action. Shields v. Barrow, 17 How. 129, 58 U.S. 129, 145, 15 L.Ed. 158."

The motion to bring in third party should be overruled. An order to that effect is this day entered.