[No. 38890    Department One.    August 10, 1967.]

KAREN SUE GRAHAM, *Appellant*, v. MRS. WILLIAM T. RADFORD, *Respondent.**

*Reported in 431 P.2d 193.

*Morrison, Huppin & Ewing,* by *D. N. Morrison (Howard A. Anderson,* of counsel), for appellant.

*John Moberg,* for respondent.

ROSELLINI, J.—This action was brought by the guardian ad litem of a young child who was severely burned when her clothes came in contact with a trash burner maintained on premises belonging to the defendant and her husband. The husband died subsequent to the accident and his estate was admitted to probate. The plaintiff failed to file a claim in the estate and now seeks to prosecute this action against the widow in her individual capacity. The trial court dismissed the action, holding that it was barred because of the failure to file a claim in the estate of the deceased husband of the defendant.

It is urged on appeal that the defendant was separately liable, as an owner, for her failure to maintain the premises in a reasonably safe condition for tenants, and that the plaintiff is not required to sue the community. The plaintiff cites RCW 26.16.190, which provides:

> For all injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be responsible therefor, except in case where he would be jointly responsible with her if the marriage did not exist.

■ The statute is inapplicable, inasmuch as a separate tort of the defendant is not alleged. Her liability, if any, stems solely from her ownership of the premises, and that ownership was a community ownership. The plaintiff states that the defendant had separate funds when she married Mr. Radford in 1950; that these funds were combined with funds of her husband and used to purchase a hotel, which was later sold; and that the proceeds were used to purchase the trailer court in which the accident occurred. The defendant participated in the operation of both the hotel and the trailer court.

■■ The rule is that all property acquired by either of the spouses during coverture is presumptively community property, and the burden is upon the party who contends it is separate property to prove otherwise. *Rustad v. Rustad*, 61 Wn.2d 176, 377 P.2d 414 (1963). Where separate funds are commingled with community funds so that it is impossible to distinguish between the two, the result must be that all such funds become community property by the process of commingling. *In re Allen's Estate*, 54 Wn.2d 616, 343 P.2d 867 (1959). There is no contention by the plaintiff that the entire purchase price of the trailer court was paid with separate funds of the parties, and there is no allegation as to the extent of the defendant's alleged separate interest in the property. Assuming that the plaintiff could prove her allegations, they are inadequate to overcome the presumption that the property is community property.

This being the case, the defendant and her husband were not, as the plaintiff contends, joint owners of the property and therefore joint tort-feasors in failing to maintain it properly. The property was owned by the community, and the duty of maintenance was owed by the community.

■ RCW 11.40.010 *et seq.* (formerly Rem. Comp. Stat. § 1477 *et seq.*) contains complete provisions for the filing and disposition of claims against estates, and no claim can be enforced by suit unless a claim has been filed in accordance with the probate code. *State ex rel. McClintic v. Superior Court*, 158 Wash. 255, 290 Pac. 870 (1930). The probate court has exclusive jurisdiction over all matters with respect to the property of the estate.

RCW 11.04.050 provides that, upon the death of either spouse,

[O]ne-half of the community property shall go to the survivor, subject to the community debts, and the other half shall be subject to the testamentary disposition of the deceased husband or wife, subject also to the community debts.

■ It is well established that the whole of the community property shall be administered for the purpose of collecting the community assets and paying the community debts. *In re Schoenfeld's Estate*, 56 Wn.2d 197, 351 P.2d 935 (1960); *Stanton v. Everett Trust & Sav. Bank*, 145 Wash. 165, 259 Pac. 10 (1927); *Ryan v. Fergusson*, 3 Wash. 356, 28 Pac. 910 (1891).

■ The question whether, after exhaustion of the community property, the defendant's separate property can be reached in a case such as this, is not before us. The primary liability, if any, is that of the community, which owned the property, and that liability can be established only by filing a claim in the estate of the deceased husband and following the procedure set forth in RCW 11.40.010 *et seq.* The only statute of limitations applicable to claims against the estates of decedents is that which is prescribed in that statute, and the community property is a part of the deceased husband's estate.

■ It is the rule in this state that the creditor must exhaust the primary fund before he can resort to the secondary fund. In the case of *In re Schoenfeld's Estate, supra,* this court held that community debts of a deceased husband and surviving wife could not be charged against the separate property of the deceased before the community property was exhausted.

A case in point is *Hennessey Funeral Home, Inc. v. Dean,* 64 Wn.2d 985, 395 P.2d 493 (1964). The plaintiff funeral home had neglected to file a claim in the estate of the defendant's deceased wife. In spite of the provisions of RCW 68.08.160, making the surviving spouse liable for the reasonable cost of interment, we held that the estate was primarily responsible for those costs, and inasmuch as it was not liable, no claim having been filed, the secondary liability of the surviving spouse did not arise.

Accordingly, in this case, the plaintiff having failed to pursue his remedy against the community property, he cannot now secure a judgment which would be satisfiable out of the separate property of the defendant, assuming there is any separate liability on her part.

Since the above authorities establish the correctness of the trial court's ruling, we need not decide whether, as the defendant contends, RCW 4.08.030 (now CR 19(e)), providing that husband and wife must be joined in certain actions, requires the joinder of the estate of a deceased spouse where the suit is on a community obligation.

The judgment is affirmed.

FINLEY, C. J., HILL and HALE, JJ., and BARNETT, J. Pro Tem., concur.