[No. 362-41181-1.   Division One—Panel 2.   December 14, 1970.]

LLOYD BENSON, *Appellant*, v. YEAGER BUSH et al., *Respondents*.

*MacDonald, Hoague & Bayless* and *Frederick L. Noland,* for appellant.

*Abbey & MacFarland, Vincent H. D. Abbey,* and *James W. Davenport,* for respondents.

WILLIAMS, J.—Appellant, Lloyd Benson, was granted recovery by the superior court sitting without a jury for personal injuries caused by the intentional tort of respondent Yeager Bush. He appeals from that part of the judgment which dismisses the marital community of Yeager Bush and wife from the case.

Respondents introduced no testimony and the facts are not in conflict. The parties, next-door neighbors, each owned a dog. The incident in question commenced when appellant's dog went onto respondents' porch, attacking respondents' dog. Appellant came onto the porch to separate the animals by pulling his dog away. At about the same time, respondent husband came onto the porch from within his house. He reached back into the house for a can of chemical spray which he discharged upon appellant's dog. This ended the dog fight; but when appellant turned to leave, still holding onto his dog, respondent husband grabbed him, pulled him around, and sprayed him in the face, causing serious injury. Sometime during the melee, respondent husband said, "I would like to kill you and your dog."

■ If the tortious act of the husband is committed in the management of the community property or for the benefit of the marital community, the community is responsible. *Bergman v. State,* 187 Wash. 622, 60 P.2d 699, 106 A.L.R. 1007 (1936); *Newbury v. Remington,* 184 Wash. 665, 52 P.2d 312 (1935); *DePhillips v. Neslin,* 139 Wash. 51, 245 P. 749 (1926). By statute, the husband is vested with the management of the community property. RCW 26.16.030. In this case, no one suggests that the respondent community received a benefit from the injury sustained by appellant. The issue is whether the discharge of the chemi-

cal into appellant's face was in the course of or in connection with the management of the community property.

In his capacity as manager, a husband must, of course, exercise judgment when dealing with the property and affairs of the community. The community is bound by his actions and made subject to liability therefor whether the decisions he makes, the judgment he exercises, and the actions he takes are good, bad, or even criminal. *La-Framboise v. Schmidt,* 42 Wn.2d 198, 254 P.2d 485 (1953); *Newbury v. Remington, supra; Schramm v. Steele,* 97 Wash. 309, 166 P. 634 (1917).

A situation somewhat similar to the one at hand arose in *McHenry v. Short,* 29 Wn.2d 263, 186 P.2d 900 (1947), an action for wrongful death. Decedent was upon the property by some color of right when the defendant husband ordered him out. The two had quarreled before, and out of all proportion to the exigencies of the situation, the husband administered a beating to the decedent, from which decedent died. The court said at page 274:

It may be true that the actual assault was the result of Short's charge that McHenry had been spreading lies about him, and McHenry's response that everything he had said concerning Short was the truth. However, the altercation was one continuous affair from the time Short approached McHenry, accused him of trespassing, and demanded the surrender of the key, until finally he struck the blows which caused the death. Under these circumstances, we do not think it would be correct to say that he had wholly shed his character as agent of the community, and was then proceeding upon a misdeed for which he alone was chargeable.

■ In the case before us, the respondent husband was engaged in a community enterprise insofar as the dog fight on his front porch was concerned. He told appellant, who was also on the porch, how much he hated him and his dog and wished to kill them. Appellant testified:

I started to walk away while he was talking, and this seemed to incense him, that I did this. He grabbed me by the shoulder, spun me around, and sprayed the solu-

tion into my face, my nose and my eyes, my mouth and my nose and my eyes.

We do not believe that the community character of respondent husband's action had been entirely broken off and that he had launched upon an individual enterprise of his own which had no relationship to the community when he turned his attention from the dog to the appellant. This is consistent with the trend toward imposing liability upon the community for the torts of its individual member. *McHenry v. Short, supra; Werker v. Knox,* 197 Wash. 453, 85 P.2d 1041 (1938).

The judgment dismissing Mae Bush is reversed, with directions to award damages as found by the trial court against Yeager Bush and Mae Bush, his wife, as a marital community, also.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied January 27, 1971.

Review denied by Supreme Court March 2, 1971.