[No. 407-3. Division Three. February 16, 1972.]

ANTHONY F. AICHLMAYR, *Appellant,* v. PATRICK S. LYNCH, M.D., *Respondent.*

*William P. Wimberley* (of *Richter, Wimberley & Ericson*), for appellant.

*John G. Layman,* for respondent.

MUNSON, C.J.—Plaintiff appeals from a favorable judgment, against defendant in his sole and separate capacity, seeking to include therein defendant's interest in his marital community property.

Plaintiff brought suit against defendant for alienation of affection and criminal conversation based on defendant's conduct with plaintiff's former wife. The jury found for plaintiff on both claims. During trial plaintiff moved to amend his complaint to include defendant's wife and the marital community as codefendants. The trial court reserved its ruling until entry of the verdict. It then denied plaintiff's motion. We affirm.

■ Tortious conduct by the husband, committed in the management of, or for the benefit of, the marital community, renders the community liable under a theory of respondeat superior, and not because of the fact of the tort-feasor's marital relationship with his spouse. *Smith v. Retallick,* 48 Wn.2d 360, 293 P.2d 745 (1956); *LaFramboise v. Schmidt,* 42 Wn.2d 198, 254 P.2d 485 (1953); *McHenry v. Short,* 29 Wn.2d 263, 186 P.2d 900 (1947); *Bergman v. State,* 187 Wash. 622, 60 P.2d 699, 106 A.L.R. 1007 (1936); *Benson v. Bush,* 3 Wn. App. 777, 477 P.2d 929 (1970). The claims of alienation of affection of another man's wife, or the commission of criminal conversation with her, bear no relation to the tort-feasor's bona fide management of community property or to any benefit of the *community.* See *De-Phillips v. Neslin,* 139 Wash. 51, 245 P. 749 (1926).

Appreciating the tenuousness of the benefit-management theory in the instant case, plaintiff invites us to modify our community property law so that defendant's interest in community property may be reached to satisfy the separate judgment against him. (See *McDonald v. Senn,* 53 N.M. 198, 204 P.2d 990 (1949); *United States v. Overman,* 424 F.2d 1142 (9th Cir. 1970); 13 Wayne L. Rev. 706, 720 (1967).) We decline the invitation. The change plaintiff desires is more properly a legislative matter.

Judgment affirmed.

EVANS, J., concurs.

GREEN, J. (concurring)—I concur in the result since it is consistent with the existing law of this state. However, I

have difficulty justifying law that creates a cause of action for alienation of affections and criminal conversation but at the same time denies a successful plaintiff the fruits of that action. Either the plaintiff should be afforded a remedy whereby he may collect the fruits of his action or the causes of action should be abolished as has occurred in some states. W. Prosser, Torts § 124 (4th ed. 1971), *Statutory Abolition of Actions* at page 887 and cases cited therein. This is an area for legislative consideration.

Petition for rehearing denied March 13, 1972.

Review denied by Supreme Court April 24, 1972.