**Herbert WEIL and Donna Weil,**
**Plaintiffs,**

v.

**DREHER PICKLE COMPANY, a Foreign Corporation, and the Western Food Products Co., Inc., a Foreign Corporation, Defendants.**

**No. CIV–76–0544–D.**

United States District Court,
W. D. Oklahoma.

July 20, 1977.

**64**

Gene Stipe, Robert K. McCune, Oklahoma City, Okl., for plaintiffs.

Burton J. Johnson, Edwin F. Garrison, Oklahoma City, Okl., for defendant Dreher.

Robert S. Baker, Oklahoma City, Okl., for defendant Western Food Products.

## ORDER

DAUGHERTY, Chief Judge.

In this action, Plaintiffs seek to recover for alleged personal injuries sustained by Plaintiff Donna Weil when she contracted botulism from eating allegedly defective sweet cherry peppers that had been processed and packed by either Defendant Dreher Pickle Company (Dreher) or Defendant Western Food Products, Co., Inc. (Western Food). It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant Dreher has filed a Motion for Leave to File Third Party Complaint. Dreher's Motion is supported by a Brief. The Court has not called for a response in this matter.

In its Motion, Dreher seeks leave to file a third party complaint against The Lancer Inn, Inc. (Lancer Inn). Dreher contends that Plaintiff Donna Weil ate the peppers in question at the Lancer Inn; that those peppers that might have been packaged or processed by Dreher were not defective at the time they left Dreher's possession and control; and that the peppers were mishandled, altered and abused by third parties. By this Motion, Dreher seeks to join Lancer Inn as a third party defendant and seeks a judgment over and against Lancer Inn for all sums that may be adjudged against Dre-

her and in favor of Plaintiffs. Dreher asserts that Lancer Inn was the actual seller of the allegedly defective peppers and that Lancer opened and handled the peppers prior to their consumption by Plaintiff Donna Weil.

Rule 14, Federal Rules of Civil Procedure, provides in part:

"(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Under Rule 14(a), *supra,* the third party defendant must be one who is or may be liable to the third party plaintiff for all or part of the Plaintiff's claim against him. It is not enough that the third party defendant may be liable to the Plaintiff. *Upta-grafft v. United States,* 315 F.2d 200 (Fourth Cir. 1963), *cert. denied,* 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 52 (1963); *Rose v. Chicago, Rock Island and Pacific Railroad Co.,* 308 F.Supp. 1357 (W.D.Okl.1970); *see, Index Fund, Inc. v. Hagopian,* 417 F.Supp. 738 (S.D.N.Y.1976); *Beights v. W. R. Grace & Co.,* 62 F.R.D. 546 (W.D.Okl.1974); *Murray v. Reliance Insurance Co.,* 60 F.R.D. 390 (D.Minn.1973). It is not permissible to bring in a person as a third party defendant simply because he is or may be liable to the Plaintiff. *Rose v. Chicago, Rock Island and Pacific Railroad Co., supra.* A Defendant may bring in a third party defendant only if the prospective third party defendant is or may be liable to the Defendant under substantive law. *Choate v. United States,* 233 F.Supp. 463 (W.D.Okl.1964); *see, Hart v. Community School Board of Brooklyn, N.Y. School District # 21,* 383 F.Supp. 699 (E.D.N.Y.1974).

From an examination of the pleadings and Dreher's Motion and Brief filed in this case, the Court, sua sponte, finds and concludes that Dreher has not alleged a valid third party action against Lancer Inn. In their Amended Complaint, Plaintiffs apparently base their action against Dreher and Western Food upon the theories of manufacturers' products liability and negligence. As, under Oklahoma law,[1] it does not appear that the proposed Third Party Defendant, Lancer Inn, is or may be liable to Dreher for all or part of Plaintiffs' claim against Dreher under either of these theories, Dreher does not have a valid third party action against Lancer Inn.

Under Oklahoma law, there is no right of contribution or indemnity between joint tort-feasors. *Peak Drilling Co. v. Halliburton Oil Well Cementing Co.,* 215 F.2d 368 (Tenth Cir. 1954); *United States v. Acord,* 209 F.2d 709 (Tenth Cir. 1954), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954); *Rose v. Chicago, Rock Island and Pacific Railroad Co., supra; Employers Casualty Co., v. Ideal Cement Co.,* 511 P.2d 1090 (Okl.1973); *National Trailer Convoy v. Oklahoma Turnpike Authority,* 434 P.2d 238 (Okl.1967). Accordingly, under Oklahoma law, the proposed Third Party Defendant, Lancer Inn, is not and would not be liable to the Third Party Plaintiff, Dreher, as a joint tort-feasor for any recovery obtained by the Plaintiffs against Dreher. One joint tort-feasor sued by the injured person cannot bring in another tort-feasor not a party to the original action under Rule 14, *supra,* where there is no indemnity or contribution among joint tort-feasors. *Rose v. Chicago, Rock Island and Pacific Railroad Co., supra; see, Brown v. Cranston,* 132 F.2d 631 (Second Cir. 1942), *cert. denied,* 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698 (1943); *Fraley v. Worthington,* 64 F.R.D. 726 (D.Wyo.1974); *Mitchell v. Duquesne Brewing Co. of Pittsburgh,* 34 F.R.D. 145 (W.D.

---

1. In a diversity action, an application of the appropriate state law governs the question of whether there exists a substantive right that can be the basis of a third-party claim. *Colton v. Swain,* 527 F.2d 296 (Seventh Cir. 1975); *General Dynamics Corp. v. Adams,* 340 F.2d 271 (Fifth Cir. 1965); *D'Onofrio Construction Co. v. Recon Co.,* 255 F.2d 904 (First Cir. 1958); *Calvery v. Peak Drilling Co.,* 118 F.Supp. 335 (W.D.Okl.1954). In the instant case, the appropriate state law would be that of Oklahoma.

Pa.1963); *Wendell v. Holland-America Line,* 30 F.R.D. 162 (S.D.N.Y.1961); *Cromer v. Sollitt Construction Co.,* 16 F.R.D. 559 (S.D.W.Va.1954); *Kuhn v. Yellow Transit Freight Lines,* 12 F.R.D. 252 (E.D.Mo.1952); *Wise v. Stockard S.S. Corp.,* 79 F.Supp. 917 (E.D.N.Y.1948). Third party practice under Rule 14(a), *supra,* neither creates nor enlarges upon the substantive rights of the parties, but merely provides the procedure for the assertion of those rights under applicable Oklahoma law. *Peak Drilling Co. v. Halliburton Oil Well Cementing Co., supra; Calvery v. Peak Drilling Co., supra.*

For the foregoing reasons, the Court finds and concludes that Defendant Dreher's Motion for Leave to File Third Party Complaint should be overruled.