[No. 2761–3.   Division Three.   November 16, 1978.]

THOMAS H. BROWN, *Respondent,* v. SPOKANE COUNTY
FIRE PROTECTION DISTRICT NO. 1, *Appellant,*
VICTOR HOLMES, *Respondent.*

*Hemovich, Smith & Nappi, Joseph F. Nappi, Jr.,* and *Michael J. Hemovich,* for appellant.

*Powell & Harnetiaux, Bryan Harnetiaux, Malott, Southwell & O'Rourke,* and *Dan O'Rourke,* for respondents.

McINTURFF, J.—This suit began as a wrongful death action. The Spokane County Fire Protection District No. 1 (Fire District) appeals from a summary judgment dismissal of its third–party complaint against Victor Holmes, husband of the deceased, Susan Marie Holmes, in which it sought to apportion any damages to be recovered in connection with the wrongful death action brought by her estate.

In April 1976, while responding to an emergency call, a fire truck collided with a Model A Ford at an intersection in Spokane. Susan Marie Holmes, a passenger in the Model

A driven by her husband, Victor, suffered fatal injuries. Considerable damage to the fire truck resulted as well.

Respondent, Thomas Brown, as personal representative of the estate, commenced a wrongful death action against the Fire District approximately 1 year following the accident. As an affirmative defense, the Fire District responded that the negligence of Mr. and Mrs. Holmes was the proximate cause of the accident. The Fire District, by third-party complaint, also sought to implead Mr. Holmes in an effort to establish a right of contribution. In addition, the Fire District sought $28,421 in property damage to the fire truck for which Victor Holmes was alleged to be responsible. The Fire District did not file a claim in the estate of Mrs. Holmes.

Following a dismissal of the third–party complaint, the Fire District appeals. The trial court held that the defendant was precluded from bringing an action against Mr. Holmes because of its failure to file a claim in the estate of his deceased wife. The court reasoned that the primary fund—community assets—must be exhausted before proceeding to a secondary fund—separate assets of Victor Holmes.

Initially, we must answer the following question: If an accident may result in both community and separate liability for the surviving spouse, does the failure to file a claim in the estate of a deceased spouse bar a subsequent action against the surviving spouse based on his separate liability?

█ It follows without citation that a spouse is always separately liable for his own tort, just as a contracting spouse incurs separate liability by entering into a contract. Usually, however, the important question is whether the acts of one spouse result in the creation of community liability as well. Cross, *Community Property*, 49 Wash. L. Rev. 729, 820, 834 (1974). A spouse can bind the community and create community liability under the doctrine of respondeat superior. *Aichlmayr v. Lynch*, 6 Wn. App. 434, 435, 493 P.2d 1026 (1972). In order to establish community

liability, the tortious act of a spouse must have been committed for the benefit of the marital community, or in the course of managing community property. *Benson v. Bush,* 3 Wn. App. 777, 778, 477 P.2d 929 (1970).

Professor Harry M. Cross summarizes the effect of death on tort liability as follows:

> If the decedent is separately liable on a claim, such a claim may be barred, as may a community liability, by failure to timely file within the probate nonclaim statute. . . .
>
> *If the surviving spouse is separately liable on a claim, the creditor does not have a claim recognizable in the administration of the community estate, and therefore need not file any probate claim.* The creditor subsequently may reach any assets formerly community property which become the separate property of the debtor-survivor. This last proposition has also been applied even though the creditor's claim was one which could have been enforced against either the survivor's separate property or the community property, but was not asserted in the administration of the community estate occasioned by the death of the other spouse.

(Italics ours.) Cross, *Community Property,* 49 Wash. L. Rev. 729, 842 (1974).[1]

■ *Graham v. Radford,* 71 Wn.2d 752, 431 P.2d 193 (1967), and *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969), relied upon by the respondents, are distinguishable. Those cases involved unsuccessful attempts to hold a surviving spouse liable when a community creditor had failed to establish his claim against the community by filing under the nonclaim statute in the deceased spouse's estate. If a community creditor fails to perfect his rights against the

---

[1]*See also* Continuing Legal Educ. Comm., Wash. State Bar Ass'n, *Community Property Deskbook* § 40.16, at 40–20 (1977):

"If the claim arises from the acts of the surviving spouse in such a manner as to create both a separate obligation of the surviving spouse and a community obligation, the claim may be brought against the surviving spouse without presenting a claim in the administration of the estate of the deceased spouse. *See Rea v. Eslick,* 87 Wash. 125, 151 P. 256 (1915); . . . *Corporate Loan & Security Co. v. Flindall,* 124 Wash. 120, 213 P. 450 (1923)."

community assets—the primary fund—those rights are lost and the court will not allow him to achieve the same result indirectly by going against the surviving spouse's assets— the secondary fund—*when there is no separate liability on the part of that spouse.* The instant case is the reverse, factually, of *Graham* and *Ruth.* Here, the surviving spouse is separately and primarily liable as the tort–feasor. *See Rolph v. McGowan,* 20 Wn. App. 251, 255, 579 P.2d 1011 (1978). The liability of the community is derivative under the theory of respondeat superior. *Aichlmayr v. Lynch, supra* at 435. Thus, while the Fire District could have filed a claim in the estate of Mrs. Holmes, failure to do so did not bar its claim against Mr. Holmes based on his separate liability.[2]

The purpose of the probate nonclaim statute, RCW 11.40.010,[3] is to facilitate the timely probate of estates. Its purpose is not to absolve a surviving spouse from tort liability. Finally, it would be a denial of equal protection to apply a 4–month statute of limitations with respect to Mr. Holmes as the surviving spouse–tort–feasor and a 3–year limitation period with respect to all other tort–feasors. *See Hunter v. North Mason School Dist.,* 85 Wn.2d 810, 813, 539 P.2d 845 (1975).

The Fire District invites this court to abandon the common–law rule against contribution between joint tort–feasors, and argues that liability between concurrent joint tort–

---

[2]*Rolph v. McGowan, supra* at 255; *Lind v. Frick,* 15 Wn. App. 614, 618, 550 P.2d 709 (1976).

[3]"Every personal representative shall, immediately after his appointment, cause to be published in a legal newspaper published in the county in which the estate is being administered, a notice that he has been appointed and has qualified as such personal representative, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the personal representative or his attorney of record, and file an executed copy thereof with the clerk of the court, *within four months after the date of the first publication of such notice or within four months after the date of the filing of the copy of said notice to creditors with the clerk of the court, whichever is the later.* Such notice shall be published once in each week for three successive weeks and a copy of said notice shall be filed with the clerk of the court. If a claim

feasors should be apportioned according to their respective degrees of negligence. Here, the Fire District seeks to obtain contribution from Mr. Holmes based on his alleged negligence in connection with the collision. Recently *Wenatchee Wenoka Growers Ass'n v. Krack Corp.*, 89 Wn.2d 847, 576 P.2d 388 (1978), upheld the common–law rule against contribution. The court did indicate its willingness to reconsider this question in the future; however, in this instance we feel that any modification of this rule must come from the Supreme Court.

The Fire District also argues that Superior Court Civil Rule 14 gives it the right to insist that Mr. Holmes be brought in as a third–party defendant. There are two reasons why this argument must fail. First, there is the policy of CR 14. Secondly, the requirements of the rule have not been satisfied.

CR 14 provides in pertinent part:

> (a) . . . At any time after commencement of the action a defending party, as a third–party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him [defendant–third party plaintiff] for all or part of the plaintiff's claim against him.

The policy behind CR 14(a) has been described as follows:

> [It] is an important procedural reform the purpose of which is to avoid delay and needless multiplicity of actions. The rule should be liberally construed . . . but not where its effect is to change the cause of action as asserted, or to substitute another cause of action for it, so as to require plaintiff, against his will, to litigate against third–party defendants an alleged tort liability which plaintiff has not asserted in his complaint. *While there is conflict in the decisions, the weight of authority is to the effect that a defendant cannot compel the plaintiff, who*

---

be not filed within the time aforesaid, it shall be barred, except under those provisions included in RCW 11.40.011. Proof by affidavit of the publication of such notice shall be filed with the court by the personal representative. In cases where all the property is awarded to the widow, husband, or children as in this title provided, the notice to creditors herein provided for may be omitted." (Italics ours.)

*has sued him, to sue also a third party whom he does not wish to sue.*

(Italics ours.) *Baltimore & Ohio R.R. v. Saunders,* 159 F.2d 481, 484 (4th Cir. 1947).[4]

The principle behind CR 14 was also persuasively explained in *Spring Hill Dairy Co. v. Elswick,* 20 F.R.D. 397, 399 (E.D. Ky. 1957):

> According to the weight of authority a defendant cannot compel the plaintiff, who has sued him, to sue a third party. The plaintiff has selected his forum and proceeded against the defendant and is entitled to prosecute his cause unhampered by collateral matters or controversies which the defendant may have with another who may have been liable to the plaintiff but whom the plaintiff, in his discretion, decided not to sue.

■ The policy of CR 14(a) is consistent with the concepts of concurrent tort–feasors and joint and several liability. In this action, which involves a two–party collision, Mr. Holmes and the Fire District may be concurrent tort–feasors in relation to the estate. Concurrent tort–feasors may be defined as two or more defendants whose independent acts of negligence have concurred to produce the proximate cause of an injury to a third person. *Litts v. Pierce County,* 5 Wn. App. 531, 537, 488 P.2d 785 (1971). When there is a single indivisible harm sustained as a result of an independent, separate, but concurring tortious act of two or more persons, the courts impose joint and several liability for the damage caused by such wrong. *Rauscher v. Halstead,* 16 Wn. App. 599, 601, 557 P.2d 1324 (1976). With joint and several liability, each concurrent tort–feasor is liable as if solely responsible for the injury caused by the concurrent acts of negligence. *Litts v. Pierce County, supra* at 537. When each concurrent tort–feasor is treated as if solely responsible for the injury, joinder is permitted but not compelled; and the concurrent tort–

---

[4]*Weaver v. Marcus,* 165 F.2d 862, 865 (4th Cir. 1948); *Friend v. Middle Atlantic Transp. Co.,* 153 F.2d 778 (7th Cir. 1946); 3 J. Moore, Federal Practice ¶ 14.01 [3], 14–40 (1978).

feasor who is sued for the joint tort has no right to compel the plaintiff to bring in other tort–feasors. W. Prosser, *Law of Torts* § 47, at 296 (4th ed. 1971); 59 Am. Jur. 2d *Parties* § 124, at 541 (1971).

CR 14(a) is not available to the Fire District for a second reason—the requirements of the rule are not met. Under rule 14(a), the third–party defendant must be one who is or may be liable to the third–party plaintiff for all or part of the plaintiff's claim against him. It is not enough that the third–party defendant may be liable to the plaintiff. *Eberle v. Sutor,* 3 Wn. App. 387, 390, 475 P.2d 564 (1970). A defendant–third–party plaintiff may bring in a third party defendant only if the prospective third–party defendant is or may be liable to the third–party plaintiff according to substantive law. CR 14(a) is a rule of procedure[5] not of substantive law, and under our substantive law, there is no right of contribution between joint tort–feasors. Accordingly, the proposed third–party defendant, Mr. Holmes, is not, and would not be liable to the third–party plaintiff, the Fire District, as a concurrent tort–feasor for any recovery obtained by the estate against the Fire District.

> One joint tort–feasor sued by the injured person cannot bring in another tort–feasor not a party to the original action under Rule 14, *supra,* where there is no indemnity or contribution among joint tort–feasors.

*Weil v. Dreher Pickle Co.,* 76 F.R.D. 63, 65 (W.D. Okla. 1977).[6]

The Fire District also attempted to implead Mr. Holmes on the basis that he is "a party needed for a just

---

[5]*Index Fund, Inc. v. Hagopian,* 417 F. Supp. 738, 744 (S.D.N.Y. 1976); *Choate v. United States,* 233 F. Supp. 463, 464 (W.D. Okla. 1964).

[6]*Rose v. Chicago, R.I. & Pac. R.R.,* 308 F. Supp. 1357, 1360 (W.D. Okla. 1970); *Cromer v. Sollitt Constr. Co.,* 16 F.R.D. 559, 561 (S.D. W. Va. 1954); *Kuhn v. Yellow Transit Freight Lines,* 12 F.R.D. 252, 254 (E.D. Mo. 1952); *Holstlaw v. Southern Ry.,* 9 F.R.D. 276, 277 (E.D. Mo. 1949).

adjudication" within the meaning of CR 19(a).[7] The Fire District is incorrect. When concurrent tort–feasors are treated as if solely responsible for the injury brought about by their concurring negligent acts, only one tort–feasor need be sued if the plaintiff so desires. Joinder of concurrent tort–feasors is not required when liability is joint and several. W. Prosser, *Law of Torts* § 47, at 297 (4th ed. 1971). In the words of CR 19(a), the court can grant complete relief despite the absence of Mr. Holmes, and although Mr. Holmes has an interest in this suit as a statutory wrongful death beneficiary, that interest is actively represented by the personal representative.

■ While we have denied third–party practice in this case, we do not believe that this should lead to disproportionate liability on the part of the Fire District. The Fire District can still bring an independent action against Mr. Holmes in connection with the damage to the fire truck. That action may be consolidated with the estate's action against the Fire District so that this entire matter can be disposed of at one hearing. In addition, in this action the Fire District can assert the defense of contributory negligence against Mr. Holmes as a beneficiary under the

---

[7]"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

wrongful death statute, RCW 4.20.020.[8] Under our comparative negligence statutes, RCW 4.22.010 *et seq.*, any damages allowed are diminished in proportion to the negligence attributable to the recovering party. Here, Mr. Holmes is a recovering party as a beneficiary upon whose behalf this wrongful death action was commenced. The contributory negligence of a beneficiary is a defense to a wrongful death action.[9] Recently *Griffin v. Gehret,* 17 Wn. App. 546, 553, 564 P.2d 332 (1977), held that a parent-beneficiary's recovery for the death of a minor son must be reduced by that measure of contributory negligence attributable to the minor-decedent. The same conclusion is mandated in this case, although the alleged contributory negligence here is that of a beneficiary. The principle remains the same, no one should profit by his own wrong. *Crevelli v. Chicago, M. & St. P. R.R.,* 98 Wash. 42, 49, 167 P. 66 (1917).

We reverse that portion of the Superior Court judgment concerning the applicability of the nonclaim statute to a surviving spouse tort-feasor, and affirm its interpretation of CR 14(a) that the defendant cannot implead a third party on the basis of his liability to the plaintiff when the plaintiff in his discretion has chosen not to sue that party. The stay order is now abrogated and this case is remanded for action in conformity with this opinion.

MUNSON, C.J., and ROE, J., concur.

---

[8]"Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death."

[9]*Heath v. Wylie,* 109 Wash. 86, 90, 186 P. 313 (1919); *Ostheller v. Spokane & I. E. R.R.,* 107 Wash. 678, 686, 182 P. 630 (1919); *Crevelli v. Chicago, M. & St. P. R.R.,* 98 Wash. 42, 44, 167 P. 66 (1917).