**In re ROSS, Irene, Debtor.**

**Bankruptcy No. 91–02603–R43.**

United States Bankruptcy Court,
E.D. Washington.

June 30, 1994.

James O. Neal, Ephrata, WA, for Irene Ross.

Paul W. Sharratt, Washington, DC, for I.R.S.

### *MEMORANDUM OPINION ON MOTION TO RECONSIDER THE COURT'S ORAL DECISION*

JOHN A. ROSSMEISSL, Chief Judge.

#### *FACTS*

IRS filed a claim against Debtor for a gross amount of $72,765.34: $2,570 being secured, $48,845.78 listed as priority taxes, and unsecured of $21,349.56. The claim arises from unpaid payroll taxes generated from Debtor and her ex-husband's restaurant business. Debtor asserted that she has no

responsibility for taxes incurred after 7/4/87 because after that date she had nothing more to do with her husband's restaurant business, and although she continued to live in the same house she no longer participated in the operation of the restaurant. A divorce decree was entered as of 3/31/89. Additionally, Debtor argued that she was not the lawful partner of her former husband, is not liable as a partner, and therefore cannot be held separately liable under RCW 26.16.190.

IRS argued that in a community property state, each spouse is responsible for the community debts, such as tax liabilities.

After a hearing, the court found that: 1) the assets used in the business were community assets; 2) that the business was a community business (profits accrued to the benefit of the community); 3) that the business was acquired during the course of the marriage; 4) that the liabilities generated by the business would be community liabilities and; 5) that Debtor also has liability on the basis of the parties having a partnership relationship based on: a) the parties sharing the revenues of the business, b) both parties working in the business.

Debtor then filed a motion to reconsider (the "Motion"), asking the court to find that all the unsecured claims of the IRS should be disallowed and that the government only has a secured claim of $1,070. The Motion argues that: 1) because she never filled out any of the tax returns and never had any dealing with the accountant, the tax liability was created solely by Debtor's husband; 2) Debtor is liable only to the extent of her interest in remaining community property; 3) Debtor was not a business partner at the time the tax was incurred and is not liable as a business partner; 4) the debtor is not personally liable for the IRS's unsecured claims.

Debtor argues that the court's finding that a partnership existed was clearly erroneous and not supported by the facts because there is no written or oral agreement creating a partnership, and that the government failed to prove the existence of a partnership.

## ANALYSIS

Debtor does not dispute the court's findings that the assets used in the business were community assets, that the business was a community business, and therefore the liabilities generated by the business were be community liabilities. Additionally, it is undisputed that Debtor worked in the business. Debtor testified that she was the main cook, that she also handled ordering, waitressing, and general work for the restaurant, and that she continued to perform these various functions until 7/4/87.

## I. IS DEBTOR SEPARATELY LIABLE FOR THE PAYROLL TAXES?

■ Debtor does not dispute that the payroll taxes are community liabilities. Rather, Debtor argues that she has no separate liability for the taxes because she was not a partner with her husband in the restaurant, and she never signed any of the payroll tax returns.

■ Traditionally, under Washington law a spouse is always separately liable for his own tort whether or not there is community liability as well. *Brown v. Spokane Fire Protection District No. 1.*, 21 Wash.App. 886, 888; 586 P.2d 1207, 1210 (1978). A spouse can also bind the community under the doctrine of respondeat superior. *Id.* "In order to establish community liability, the tortious act of a spouse must have been committed for the benefit of the marital community, or in the course of managing the community property." *Id.*

Debtor argues that the community liability which arises from her ex-husband's failure to pay the payroll taxes should create separate liability solely for him, and therefore she has no separate liability. However, under Washington law each spouse has the right and duty to manage the community property:

> Property not acquired or owned as prescribed in RCW 26.16.010 and 26.16.020, acquired after marriage by either husband or wife or both, is community property. Either spouse, acting alone, may manage and control community property, with like power of disposition as the acting spouse has over his or her separate property.

RCW 26.16.030.

RCW 26.16.030, enacted as part of the 1972 amendments Washington's domestic re-

lations statute, represents a departure from the former rule that the husband was presumed to act alone in managing and controlling the community property. Professor Cross, in considering the impact of this statutory change has suggested the following effect regarding a spouse's separate liability for torts arising out of the management of community assets:

> Failure of the managing spouse to carry properly the responsibility of managing community property should impose individual, that is, separate, liability on the managing spouse. Prior to the extension of managing power to the wife by the 1972 amendments, in *Graham v. Radford* the defendant wife was held not to be separately liable through landowner's responsibility when a child was injured upon coming in contact with a trash burner maintained on community real property. Since any liability against either the husband's separate property or the community property was barred by the plaintiff's failure to file a claim during administration of his estate following his death, the action could succeed only by establishing the wife's separate liability. The court held the wife was responsible only in a community property sense as landowner and affirmed the dismissal of the action. Because the wife had no managing power at that time, the court's refusal to find her separately liable was sound.
>
> In this sort of situation, *the effect of the 1972 amendments making each spouse equal manager may be to impose three-way liability, that is, liability on the community property and on the separate property of each spouse.* The court in *Graham* stated, "The property was owned by the community, and the duty of maintenance was owed by the community." However, the "community" can only perform through the act of a spouse, and arguably the failure to act or exercise proper management imposes separate liability upon the manager and liability upon the community through respondeat superior. *If neither spouse exercised proper management, there may be liability imposed on both individually, that is, separately.* There are no cases indicating

whether such separate liability would be joint, or joint and several.

Cross, *The Community Property Law In Washington (Revised 1985)*, 61. Wash. L.Rev. 13, 141–2 (1986) (emphasis added).

■ In a community business where both spouses are involved in the operation of the business and both have failed to properly manage by not paying taxes, liability for that failure may be imposed upon each spouse individually. Here, the Debtor was actively involved in the conduct of the community business, and as each spouse is considered an equal manager of the community, Debtor had a separate duty to assure that the payroll taxes were paid. Therefore, Debtor has separate liability for the unpaid payroll taxes.

Debtor apparently argues that, although she was involved in the business, she was not responsible for paying the payroll taxes, and should therefore not be held separately liable. However, except for the statutory exceptions, each spouse has an equal right to manage and conduct the community business. The failure to exercise her management rights does not insulate her from the potential liabilities that may flow from a breach of her management duties.

## II. IS DEBTOR LIABLE PURSUANT TO RCW 26.16.190?

■ RCW 26.16.190 which governs liability for acts of the other spouse provides:

> For all injuries committed by a married person, there shall be no recovery against the separate property of the other spouse except in cases where there would be joint responsibility if the marriage did not exist.

Therefore if Debtor were to be found jointly liable for the payroll taxes with her ex-husband if they were not married, then she will be liable under RCW 26.16.190.

The court has previously found that the parties had a partnership relationship based on: a) the parties sharing the revenues of the business and b) both parties working in the business, and that Debtor would therefore have joint liability for the payroll taxes. Debtor argues that this finding was clearly erroneous: that there was no direct evidence

of a oral or written agreement of partnership, and that absent direct evidence a husband and wife should not be found to have an implied partnership unless the elements of a partnership are proved to exist without regard to the parties being married, *and* that the circumstantial evidence of the partnership must be inconsistent with any other hypothesis.

RCW 25.04.060 defines a partnership as:

an association of two or more persons to carry on as co-owners a business for profit.

(2) Any association formed under any other statute of this state, or statute adopted by any authority, other than the authority of this state, is not a partnership under this chapter, unless such association would have been a partnership in this state prior to the adoption of this chapter.

RCW 25.04.070 provides the rules for determining the existence of a partnership and provides:

(1) Except as provided by RCW 25.04.160 person who are not partners as to each other, are not partners as to third persons.

(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish as partnership, whether such co-owners do or do not share any profits made by the use of the property.

(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payments:

(a) As a debt by installments or otherwise,

(b) As wages of an employee or rent to a landlord

(c) As an annuity to a surviving spouse or representative of a deceased partner,

(d) As interest on a loan, though the amount of payment vary with the profits of the business,

(e) As the consideration for the sale of a good will of business or other property by installments or otherwise.

On the question of liability of a partners to third parties, Washington courts have applied a two step test. First, the court makes a determination whether a partnership indeed exists. If it does, then partners will have partnership liability to third parties. In the event the court finds that no partnership exists between the alleged partners, then those persons will not be liable as to third parties unless the court finds a partnership by estoppel.[1] *See, e.g., Lowenstein v. Whitelaw,* 178 Wash. 428, 34 P.2d 1108 (1934).

The finding of a partnership absent the marriage was not clearly erroneous. Under RCW 25.04.070(4), receipt by a person of a share of the profits of a business is prima

---

1. RCW 25.04.160 provides that a court may find a partnership by estoppel:

(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

(a) When a partnership liability results, he is liable as though he were an actual member of the partnership.

(b) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately.

(2) When a person has been thus represented to be a partner in an existing partnership, or with one or more persons not actual partners, he is an agent of the persons consenting to such representation to bind them to the same extent and in the same manner as though he were a partner in fact, with respect to persons who rely upon the representation. Where all the members of the existing partnership consent to the representation, a partnership act or obligation results; but in all other cases it is the joint act of the person acting and the persons consenting to the representation.

facie evidence of partnership. Here, it is undisputed that the parties shared income from the business. Based upon Debtor's undisputed testimony that she was the main cook, handled ordering, waitressing, and general work for the restaurant until 7/4/87, the court had previously found that, absent the community liability that both parties would have partnership liability based on: a) the parties sharing the revenues of the business, b) both parties working in the business.

Partnership liability is joint and several, and therefore Debtor would be liable under RCW 26.16.190, which governs liability for acts of the other spouse, as well.

Debtor argues that her duties with the restaurant were not inconsistent with her role as wife, and that as circumstantial evidence, it should not tend to prove the existence of a partnership because it is not inconsistent with her simply being a wife aiding her husband in the running of his business.

Debtor's argument fails for two reasons. First, the statutory language is clear that the sharing of profits is prima facie evidence of partnership unless the profits paid are the result of an installment debt, wages or rent, an annuity, interest on a loan, or as consideration for the sale of business or other property by installments or otherwise. RCW 25.04.070(4). None of those exceptions are applicable here. To the extent that the statute specifies when evidence of a sharing of profits will not be prima facie evidence of a partnership, the rule of *Eder v. Reddick*, 46 Wash.2d 41, 49, 278 P.2d 361, 366 (1955), that circumstantial evidence does not tend to prove partnership unless it is inconsistent any other theory, has been legislatively restricted.

Second, RCW 26.16.190 is clear that the determination of whether a joint liability would exist is to be made as *"if the marriage did not exist."* To then require that circumstantial evidence of partnership not be inconsistent with a marriage relationship directly contradicts the mandate of RCW 26.16.190 that joint liability be determined as if the marriage did not exist. Therefore, application of *Eder* rule in the context of RCW 26.16.190 would have to be limited as follows: circumstantial evidence will not tend to prove a partnership unless it is inconsistent with any other theory, *excluding the theory that the evidence simply supports that proposition that the parties are married.* Thus, if the evidence could equally explain a corporate arrangement, or a employer–employee, or landlord/tenant relationship, then the evidence will not be probative.

Here, absent the marriage as an alternate theory, the evidence would tend to only support a finding of partnership.

Therefore, the court's prior ruling that, absent the community Debtor would have partnership liability, and therefore be liable under RCW 26.16.190 is not clearly erroneous.

Debtor's motion for reconsideration should be denied.